MARRIOTT BROTHERS, et al., Plaintiffs,

v.

Coke L. GAGE, et al., Defendants,

v.

H.D. BOSWELL, et al., Intervenor Plaintiffs.

Civ. A. No. CA 3–86–0335–G.

United States District Court, N.D. Texas, Dallas Division.

July 27, 1989.

Emil Lippe, Jr., Lippe and Associates, Dallas, Tex., for plaintiffs.

Thomas A. Graves, Figari & Davenport, Dallas, Tex., for defendants.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on plaintiffs' motion for reconsideration, for leave to supplement, and for clarification. In deciding this motion, the court has considered various briefs filed by the parties, including correspondence from counsel. Of all the points raised, only four warrant discussion.

1. *Did the court apply the wrong standard in granting summary judgment against plaintiffs on their RICO claims?*

Summary judgment will not lie if the evidence would allow a reasonable jury to return a verdict for plaintiffs as the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Nevertheless, summary judgment is appropriate if plaintiffs fail to establish the existence of an essential element of their claim on which they will bear the burden of proof at trial. *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). Plaintiffs' failure of proof as to any essential element renders all other facts immaterial. *Celotex Corporation*, 477 U.S. at 323, 106 S.Ct. at 2552–53. Plaintiffs' evidence is to be believed and all justifiable inferences will be drawn in their favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14; *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987).

Unless there is sufficient evidence for a jury to return a verdict in plaintiffs' favor, however, there can be no genuine issue for trial. Evidence that is "merely colorable"

or "not significantly probative" is insufficient. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11. Likewise, a mere scintilla of evidence will not suffice. *Id.* at 252, 106 S.Ct. at 2512. The same substantive evidentiary burden of proof that applies at trial will apply to a summary judgment decision. *Phillips Oil Company*, above, 812 F.2d at 273 (quoting *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512).

Under these principles, plaintiffs' motion for reconsideration must be denied, even if the record is deemed to be supplemented as they request. A few examples will illustrate why.

■ First, the plaintiffs have argued in their motion for reconsideration that Gage was the agent of the bank for purposes of 18 U.S.C. § 215. Although the plaintiffs failed to make this allegation in their RICO case statement, the two pieces of evidence cited by the plaintiffs in their motion for reconsideration do not alter the court's earlier conclusion.

The evidence consists of two memoranda by bank officers stating that Gage had been supportive of the bank and had brought in customers in the past, as well as Gage's assistance to the Marriotts in their quest for a loan. Motion for reconsideration at 17–18. At best, this evidence is merely colorable of an agency claim, and thus fails to refute the motion for summary judgment. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11. Under Texas law, an agency relationship is not created unless the agent is subject to the principal's control. *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 269 (5th Cir.1980). The alleged principal must have "both the right to assign the agent's task and to control the means and details of the

process by which the agent will accomplish the task." *Johnson v. Owens*, 629 S.W.2d 873, 875 (Tex.App.—Ft. Worth 1982, writ ref'd n.r.e.). Neither the memoranda nor Gage's assistance to the Marriotts demonstrates such control. At most, they indicate that Gage had brought the bank customers in the past. Hence, the memoranda are not sufficiently probative. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

■ Second, the plaintiffs seek reconsideration of the court's determination that there is not sufficiently probative evidence for a jury to find that Gage solicited a bribe for Nash when he allegedly told Boswell that he would share the loan percentage points with Nash. In the RICO case statement, plaintiffs stated that Gage, at a meeting with the Marriotts, told Nash to make the loan and told Boswell that he needed two points for himself and Nash, and that Gage had some contact with Nash while the loan was pending. RICO Case Statement at 30–31.[1] The summary judgment order dealt with this point in detail. In their motion, plaintiffs cite portions of Gage's deposition. The deposition reveals only that Gage asked Nash how the loan was going. RICO Case Statement Appendix at 22, 24–25 (Gage deposition at 135, 152–53). At most, this evidence is but a scintilla in support of the plaintiffs' point— not enough to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. It certainly cannot support a claim that Nash consented to the loan percentage point payment, as required by 18 U.S.C. § 215.[2]

Third, to support reconsideration of witness tampering as a predicate act, plaintiffs argue that the Wilson statement is not hearsay, but a party admission under F.R. Evid. 801(d)(2)(D). Motion for reconsidera-

---

1. This is also the portion of the RICO statement that plaintiffs cite in their motion. Motion for Reconsideration at 20.

2. Plaintiffs also cite in support of their 18 U.S.C. § 215 claim the existence of a RICO action pending in this district between Gage and the bank defendants. Motion for reconsideration at 22. The complaint in that case is not, however, competent summary judgment evidence. Moreover, the statements made by Gage in depositions in that other case were not in the record in

this case when the court considered the motion for summary judgment. *See Nissho–Iwai American Corporation v. Kline*, 845 F.2d 1300, 1307 (5th Cir.1988). Plaintiffs claim that they discovered the existence of the suit on September 26, 1988. Yet although they saw fit to write the court about other matters, the plaintiffs did not seek leave to supplement the summary judgment record before the court issued its memorandum order on October 7, 1988.

tion at 29. Evans was the broker of the Yates property owned by Bennett Carder. Motion to Reconsider, Exhibit J. However, plaintiffs have presented no evidence that Evans made the statement during the existence of his alleged agency relationship, as required by the exception. Wilson himself, asked whether his alleged conversation with Evans took place before or after the Boswell contracts expiration, stated, "I don't remember the date so I can't testify as to when it was." Wilson deposition at 94–95. Consequently, the statement is not admissible under Rule 801(d)(2)(D).

■ Furthermore, at best, the Wilson statement says only that Evans saw Gage at Bennett Carder's office, not that Evans was present during any discussion between Gage and Bennett Carder concerning sale of the ranch. Wilson deposition at 43. Wilson stated that Evans had said that he was unable to get an extension of his listing because Bennett Carder was going to sell the ranch to Gage. Asked how Evans found this out, Wilson stated that Evans had seen Gage in Amarillo. Wilson deposition at 42–43. Consequently, even if these statements were admissible, they show only Evans' conjecture from Gage's presence that the ranch was being sold to Gage. This conjecture, amounting to no more than a scintilla of evidence, does not preclude the entry of summary judgment.[3]

2. *Did the court err in granting summary judgment to nonmoving defendants?*

■ The Supreme Court stated in *Celotex Corporation*, above, 477 U.S. at 326, 106 S.Ct. at 2554:

[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence [citations omitted].

Here, plaintiffs were specifically instructed by the RICO case statement order to include all facts upon which they were relying to initiate their RICO complaint. Order of May 13, 1988 at 2. The plaintiffs were thus on notice that they had to comprehensively describe the basis of their entire RICO claim and cannot now be heard to argue that they would have presented other facts with regard to the defendants who did not move for summary judgment. *See also Page v. DeLaune*, 837 F.2d 233, 238 (5th Cir.1988) (district court may properly grant summary judgment sua sponte when the parties have been given adequate time for discovery). In the present case, the deadline for completing discovery had passed when summary judgment was granted, and plaintiffs do not complain of the denial of any discovery.

3. *Did the decision in H.J. Inc. v. Northwestern Bell Telephone Company affect the court's analysis of the RICO statute in the memorandum order granting summary judgment?*

Plaintiffs have urged that the decision in *H.J. Inc. v. Northwestern Bell Telephone,* —— U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) somehow mandates a different result in this case. The court disagrees, for all of the reasons stated in the July 11, 1989 letter to the court from counsel for the Collins defendants.

4. *Did the court's judgment dispose of all claims and parties?*

---

**3.** Even if the Wilson statement were admissible, and even if Evans were present while Gage and Bennett Carder discussed buying the ranch, there is still not enough evidence for the jury to infer that the $10,000 payment amounted to a bribe. Disregarding defendants' evidence that the purpose of the payment was to compensate Evans for his hard work in trying to sell the ranch, Jackson deposition at 73–74, the plaintiffs' evidence consists at most of the following: Evans' presence while Gage discussed buying the ranch, a $10,000 payment, Jackson's statement that usually commissions are paid to listing and participating brokers only, and Gene Bennett's exclamation that "we ought to straighten that up." See RICO case statement at 17. The plaintiffs have presented no summary judgment evidence tending to show that the payment was a bribe for the purpose of influencing testimony. In civil RICO cases, "the jury's freedom to draw inferences from circumstantial evidence does not permit either wholly unreasonable inferences or those which amount to mere speculation and conjecture." *Zervas v. Faulkner,* 861 F.2d 823, 832 n. 9 (5th Cir.1988).

The court intended its judgment of October 7, 1988 to dispose of all claims and all parties, so that the judgment would be final for purposes of Rule 54(b), F.R.Civ.P. Because this intent was apparently not clear to all concerned, it is appropriate to enter an amended judgment concurrent with this order. The amended judgment will deny relief on the merits to plaintiffs on their RICO claims and dismiss all other claims without prejudice.

SO ORDERED.