911 F.2d 1105
 RICO Bus.Disp.Guide 7573
 MARRIOTT BROTHERS, J.R. Marriott, L & R Development, and
Marock, Inc., Plaintiffs-Appellants,
v.
Coke L. GAGE, Gage Resources, Edward C. Nash, Jr., BancTexas
Group, Inc., Federal Deposit Insurance Corporation, Mega
Resources, Inc., Norman G. Harnage, as Trustee of the
Collins Children's Trusts, Steve W. Collins, and
Bennett-Carder & Associates, Inc., Defendants-Appellees.
 No. 89-1818.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 17, 1990.
Rehearing Denied Oct. 10, 1990.
 
 Emil Lippe, Jr., Lippe & Associates, Dallas, Tex., for plaintiffs-appellants.
 R.A. Dean Carlton, The Carlton Firm, Dallas, Tex., for Coke L. Gage.
 Cecil M. Pruett, Frank Lay, Borger, Tex., for Bennett-Carder & Associates, Inc.
 William O. Wuester, Rick K. Disney, Douglas, Kressler & Wuester, Fort Worth, Tex., for Gage Resources.
 Robert Cole, Cynthia Hollingsworth, Marianne W. Malouf, Gardere & Wynne, Dallas, Tex., for Nash, et al.
 Thomas Graves, Figari & Davenport, Dallas, Tex., for Steve Collins, et al.
 T. Ray Guy, Will S. Montgomery, Jenkens & Gilchrist, Dallas, Tex., for FDIC, etc.
 Appeal from the United States District Court for the Northern District of Texas.
 Before RUBIN, POLITZ, and BARKSDALE, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 Disappointed prospective purchasers of a ranch brought an action against various persons involved in attempting to obtain financing for the purchase, alleging violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO)[1] and pendent state law claims. Upon motion for summary judgment by some of the defendants, and after the filing of a RICO case statement, the district court granted summary judgment for all of the defendants on the RICO claim, and dismissed the pendent state claims without prejudice. Because we agree with the district court that there is no evidence that the appellants have suffered any loss as a result of either a violation of the RICO statute or the commission of a predicate act, we affirm.
 
 I.
 
 2
 The facts of this case are fully set out in the district court's first published opinion,[2] and we merely summarize them. The Marriott Brothers, a real estate partnership, had an option to take an assignment of a contract to purchase the Yates Ranch. Intermediaries referred the Marriotts to Coke Gage, who suggested that financing for the purchase could be arranged through BancTexas Dallas N.A., in which Gage was a substantial investor.
 
 
 3
 Though the Marriotts claimed that Gage had told them that a real estate appraisal would not be necessary, the deal fell through at the last minute when BancTexas refused to make the loan without an appraisal. The Marriotts were unable to obtain the required appraisal. They had already obtained several extensions on their assignment option, and the sellers refused to grant a further extension. Less than two weeks later, Gage arranged for other investors to purchase the Yates Ranch.
 
 
 4
 The essence of the plaintiffs' RICO complaint is that Gage and other defendants operated BancTexas so as to fraudulently obtain ownership interests in various ventures, and that the Marriotts were cheated out of a chance to purchase the ranch as a result of this pattern of activity. There is no suggestion, however, that the Bank's requirement of an appraisal was itself unusual or that it was motivated by aught but commercial practice and proper banking concerns. After discovery was completed and some of the defendants had moved for summary judgment, the district court stayed the motions and ordered the plaintiffs to file a "RICO case statement." This order, which required the plaintiffs to state the facts upon which they would rely and specify the specific predicate acts and RICO violations they would seek to prove, is set forth as an appendix.
 
 
 5
 Upon consideration of the motions, responses, and the case statement, the court granted summary judgment in favor of all the defendants on the plaintiffs' RICO claim, dismissing the pendent state law claims without prejudice. In response to plaintiffs' motion to reconsider, the district court issued a supplemental opinion discussing the standard of review for summary judgment and its authority to enter summary judgment in favor of non-moving parties, as well as the legal requirements of a RICO claim. Marriott Brothers, J.R. Marriott, and L & R Development and Marock, Inc., entities controlled by the Marriott Brothers partners, appeal, asserting both procedural and substantive errors. Because we affirm the district court's dismissal of the case, we do not reach the question, raised by the appellees, whether each of these appellants could successfully assert an independent RICO claim. Other plaintiffs in the district court action have not appealed.
 
 II.
 
 6
 The Marriotts' procedural claims are not substantial. First, they challenge the district court's RICO-case-statement order, claiming that the lower court incorrectly assumed an independent duty to determine the adequacy of plaintiffs' case. The propriety of a district court's requirement of a case statement to summarize the nature of RICO claims is, however, well-established in this circuit.[3] When, as here, the district court requested the case statement after some of the defendants had moved for summary judgment, such an order does not amount to an unwarranted judicial intervention into the litigation process. Instead, it is a useful, sometimes indispensable, means to understand the nature of the claims asserted and how the allegations satisfy the RICO statute.
 
 
 7
 The Marriotts also challenge the grant of summary judgment to non-moving defendants. It is settled that the district court has authority to grant summary judgment in favor of non-moving defendants, provided that the plaintiff has had adequate notice and opportunity to present its evidence.[4] As the district court correctly noted in its opinion on plaintiffs' motion to reconsider, the plaintiffs were "specifically instructed by the RICO case statement order to include all facts upon which they would rely to initiate their complaint.... [They] cannot now be heard to argue that they would have presented other facts with regard to the defendants who did not move for summary judgment."[5]
 
 
 8
 The Marriotts also contend that the district court applied the wrong standard of proof in granting summary judgment on the RICO claim. We consider this issue in our substantive review of the district court's judgment.
 
 III.
 
 9
 The federal racketeering statute imposes civil and criminal liability on persons who use or invest income derived from, acquire or maintain control of, or engage in the conduct of an enterprise through a pattern of racketeering activity, or who conspire to do any of these acts.[6] "Racketeering activity" is defined to include any of the listed acts, as well as certain other federal offenses, usually referred to as predicate acts.[7] "In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."[8] Because we find it dispositive of this appeal, we turn first to the issue of the Marriotts' standing to assert a RICO claim.
 
 
 10
 The causal nexus between the alleged predicate acts and the defendant's injury must be direct: it is not sufficient that the injury alleged is simply the result of an unlawful act connected to the operation of the alleged RICO enterprise, or in furtherance of its goals. For example, in Cullom v. Hibernia National Bank,[9] this court held that an employee discharged for blowing the whistle on his employer's alleged RICO activities could not state a RICO claim because his discharge did not "flow from the commission of the predicate acts."[10]
 
 
 11
 Here, the only connection between the Marriotts and the defendants concerned the negotiations for the Yates Ranch. The Marriotts were therefore required to adduce with specificity evidence that their lost opportunity to purchase the ranch flowed from the commission of a predicate act. The Marriotts argue that they have met this requirement because Gage's conduct in regard to the ranch purchase constituted mail fraud, theft of fiduciary property, and commercial bribery, which are claimed to be predicate acts within the scope of the RICO statute.
 
 
 12
 Considered solely in relation to the aborted effort to purchase the Yates Ranch, each of these arguments fails as a matter of law. The Marriotts' claim that Gage stole fiduciary property[11] is undercut by their admission, in another portion of their pleadings, that Gage was acting on behalf of the bank to procure the financing.[12] Nor do the facts, even taken in the light most favorable to the Marriotts, as they must be on this appeal from a grant of summary judgment, support the finding of a fiduciary relationship. The district court, examining the appellants' claims under Texas fiduciary law, correctly concluded that "[t]he Marriotts' subjective trust of Gage cannot convert what would otherwise be arms-length dealing into a fiduciary relationship."[13] ]
 
 
 13
 The Marriotts' charge of commercial bribery[14] fails because such a transgression also requires the existence of a fiduciary relationship between the Marriotts and Gage. The fiduciary mail-fraud and wire-fraud charges are also contradicted by the Marriotts' own chronology, in which Gage made his initial representations about the lack of a need for an appraisal before the Marriotts disclosed their anticipated profit from the land, and before Gage decided to arrange for the purchase of the ranch for himself or his associates; hence the element of scienter is missing.[15] In short, Gage's failure to inform the Marriotts of the need for a real estate appraisal may have been a breach of state law in aid of his alleged RICO enterprise, but that does not transform it into a predicate act.
 
 
 14
 The Marriotts' other allegations concern either loan-point arrangements for the Marriott loan, financing for the eventual purchase of the ranch after the Marriotts' option had expired, or other transactions not involving the Marriotts or the Yates Ranch. None of these is relevant to the Marriotts' standing to allege a RICO violation because none of these could have been the cause of the Marriotts' lost opportunity to purchase the ranch. Similarly, none of the alleged violations of 18 U.S.C. Sec. 1962 itself contributed to the Marriotts' inability to purchase the ranch, which ultimately was caused by their inability to provide the appraisal required by the bank.[16] Since we agree with the district court that the Marriotts have not established standing to allege a RICO violation, we do not consider its resolution of the additional issues raised by the Marriotts' RICO complaint.
 
 
 15
 Finally, the Marriotts do not argue that, in the absence of a viable RICO claim, the district court abused its discretion in dismissing the pendent state law claims without prejudice. The judgment of the district court is therefore AFFIRMED.
 
 APPENDIX
 In the United States District Court
 
 16
 for the Northern District of Texas
 
 Dallas Division
 Civil Action No. CA 3-86-0335-G
 Filed May 13, 1988
 
 17
 Marriott Brothers, et al., Plaintiffs,
 
 
 18
 vs.
 
 
 19
 H.D. Boswell, et al., Plaintiffs/Intervenors,
 
 
 20
 vs.
 
 
 21
 Coke L. Gage, et al., Defendants.
 
 ORDER
 
 22
 This case is before the court on the motions of defendants Steve Collins, Mega Resources, Inc., Norman G. Harnage, and Bennett-Carder & Assoc., Inc. for summary judgment, and the motion of Gage Resources for dismissal. The arguments set forth in the various motions concern in large part whether the plaintiffs have adequately stated a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961 et seq. After reviewing all the motions and responses, the court concludes that disposition of defendants' motions should be STAYED pending submission by plaintiffs of a RICO case statement. Upon timely filing of the case statement, the defendants will have twenty (20) days to file any responses.
 
 
 23
 Plaintiffs must file by noon, June 10, 1988, a RICO case statement. This statement must include the facts the plaintiffs are relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Fed.R.Civ.P. 11. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.
 
 
 24
 1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. Secs. 1962(a), (b), (c), and/or (d).
 
 
 25
 2. List each defendant and state the alleged misconduct and basis of liability of each defendant.
 
 
 26
 3. List other alleged wrongdoers and state the alleged misconduct of each.
 
 
 27
 4. List the alleged victims and state how each victim was allegedly injured.
 
 
 28
 5. Describe the pattern of racketeering activity alleged for each RICO claim. The description of the pattern of racketeering must include the following information:
 
 
 29
 a. List the alleged predicate acts and the specific statutes which were allegedly violated;
 
 
 30
 b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
 
 
 31
 c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;
 
 
 32
 d. State whether there has been a criminal conviction for violation of the predicate acts;
 
 
 33
 e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;
 
 
 34
 f. Describe how the predicate acts form a "pattern of racketeering activity"; and
 
 
 35
 g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.
 
 
 36
 6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:
 
 
 37
 a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;
 
 
 38
 b. Describe the structure, purpose, function and course of conduct of the enterprise;
 
 
 39
 c. State whether any defendants are employees, officers or directors of the alleged enterprise;
 
 
 40
 d. State whether any defendants are associated with the alleged enterprise;
 
 
 41
 e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and
 
 
 42
 f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.
 
 
 43
 7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.
 
 
 44
 8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.
 
 
 45
 9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.
 
 
 46
 10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.
 
 
 47
 11. If the complaint alleges a violation of 18 U.S.C. Sec. 1962(a), provide the following information:
 
 
 48
 a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and
 
 
 49
 b. Describe the use or investment of such income.
 
 
 50
 12. If the complaint alleges a violation of 18 U.S.C. Sec. 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.
 
 
 51
 13. If the complaint alleges a violation of 18 U.S.C. Sec. 1962(c), provide the following information:
 
 
 52
 a. State who is employed by or associated with the enterprise; and
 
 
 53
 b. State whether the same entity is both the liable "person" and the "enterprise" under Sec. 1962(c).
 
 
 54
 14. If the complaint alleges a violation of 18 U.S.C. Sec. 1962(d), describe in detail the alleged conspiracy.
 
 
 55
 15. Describe the alleged injury to business or property.
 
 
 56
 16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.
 
 
 57
 17. List the damages sustained for which each defendant is allegedly liable.
 
 
 58
 18. Provide any additional information that might be helpful to the court in processing the RICO claim.
 
 
 59
 Copies of this RICO case statement must be served on opposing counsel.
 
 
 60
 SO ORDERED.
 
 
 61
 (s) A. Joe Fish
 
 A. JOE FISH
 United States District Judge
 
 
 [1]
 18 U.S.C. Sec. 1962 (1988)
 
 
 [2]
 Marriott Bros. v. Gage, 704 F.Supp. 731 (N.D.Tex.1988) (Marriott I ), on motion for reconsideration, 717 F.Supp. 458 (1989) (Marriott II )
 
 
 [3]
 See, e.g., Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir.1989); Old Time Enters. v. International Coffee Corp., 862 F.2d 1213 (5th Cir.1989)
 
 
 [4]
 Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)
 
 
 [5]
 Marriott II, 717 F.Supp. at 461
 
 
 [6]
 18 U.S.C. Sec. 1962 (1988). See Sedima, S.P.R.L., v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985)
 
 
 [7]
 See 18 U.S.C. Sec. 1961(1) (1988); Sedima, 473 U.S. at 495, 105 S.Ct. at 3284
 
 
 [8]
 Sedima, 473 U.S. at 495-97, 105 S.Ct. at 3284-85; see 18 U.S.C. Sec. 1964(c) (1988)
 
 
 [9]
 859 F.2d 1211 (5th Cir.1988)
 
 
 [10]
 Id. at 1215 (quoting Sedima, 473 U.S. at 497, 105 S.Ct. at 3285); see id. at 1215-18
 
 
 [11]
 Texas Penal Code Ann. Sec. 32.45 (Vernon 1974)
 
 
 [12]
 See Marriott I, 704 F.Supp. at 738
 
 
 [13]
 Id. at 738 (citing authority)
 
 
 [14]
 Texas Penal Code Ann. Sec. 32.43 (Vernon 1974)
 
 
 [15]
 See Marriott I, 704 F.Supp. at 739-40
 
 
 [16]
 See id. at 744-45