L. M. JOHNSON, Appellant,

v.

Skip OWENS, Appellee.

L. M. JOHNSON, Appellant,

v.

Rene S. LAMBERT d/b/a Frenchie's
Paint & Body Shop, Appellee.

Nos. 18622, 18623.

Court of Appeals of Texas,
Fort Worth.

Feb. 25, 1982.

Rehearing Denied March 25, 1982.

Joe E. Shaddock, Wichita Falls, for appellant.

Fillmore & Camp and Richard Scheer,
Fort Worth, Sparkman & Cantrell and Roy
T. Sparkman, Wichita Falls, for appellees.

Before MASSEY, C. J., and SPURLOCK
and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

These are consolidated appeals from take-nothing summary judgments in suits for

damages resulting from a collision between two automobiles.

The suit originally filed by appellant sought recovery against four defendants on theories of negligence, agency and negligent entrustment of an automobile.

The appellees are two of the original defendants. The causes of action against them were severed into two separate suits in which summary judgments were rendered in their favor.

The cases are consolidated for purposes of the appeals.

We affirm both judgments.

At the time of collision, the appellant was both owner and driver of one of the vehicles involved.

The other vehicle was driven by one of the original defendants, Steven Ray Harrison, but was owned by appellee Owens.

In November, 1979, Owens had left his car for repairs at "Frenchie's Paint and Body Shop", owned by appellee Lambert.

On December 24, 1979, Owens took possession of the car, upon which the repairs were substantially completed.

Several days later, Owens returned the car to "Frenchie's" for additional repairs and to have the car cleaned.

"Frenchie's" then engaged "Earl's Clean-Up Shop" to do the interior cleaning. "Earl's" is operated by Earl Hill, also a defendant in the suit originally filed by appellant.

On January 4, 1980, after the cleaning was completed, Earl Hill instructed his employee, Harrison, to return the car to "Frenchie's".

Harrison, who had no driver's license, was driving the Owens car to "Frenchie's" when the collision with appellant's car occurred.

*Inter alia*, appellant alleged that (1) appellee Owens had negligently entrusted his car to "Frenchie's", who in turn negligently entrusted it to "Earl's"; (2) "Earl's" driver (Harrison) was proximately negligent; (3) "Frenchie's", "Earl's" and Harrison should be deemed to be Owens' agents; and (4) such agency should impute negligence to Owens.

In his motion for summary judgment, appellee Owens alleged that he had never given express or implied permission for his car to be driven by Harrison.

Owens' motion, and his supporting affidavit, assert that he only hired "Frenchie's" to work on his car and had no direct dealings with "Earl's" or Harrison.

The summary judgment motion by appellee Lambert (owner of "Frenchie's") asserts that "Earl's" undertook the cleanup work as an independent contractor, not subject to "Frenchie's" control.

In his supporting affidavit, appellee Lambert states that he engaged "Earl's" to do the cleanup work, did not know Harrison, and had no control over the details of "Earl's" work which was to be done at "Earl's" own shop.

Appellant replied to each summary judgment motion, alleging that (a) Owens entrusted his car to "Frenchie's", knowing that employees of both "Frenchie's" and "Earl's" would be driving the car; (b) neither of the appellees placed any restrictions on such driving; (c) both appellees thus impliedly authorized Harrison and other employees to drive the car; and (d) such driving was for the benefit of both of the appellees.

In four points of error, appellant argues that the summary judgments were based upon the affidavits and deposition testimony of interested parties and therefore cannot stand.

The trial court had before it the oral depositions of all of the parties to these appeals, as well as the depositions of Harrison and Earl Hill.

Supporting affidavits by each appellee also were considered by the court.

Lambert's affidavit verified his operation of the business known as "Frenchie's"; that he engaged "Earl's" to do the cleanup work, did not know Harrison, was unaware of any reason that Harrison should not be trusted with the vehicle; and that Lambert had no supervision or control of the work or persons employed at "Earl's".

Owens' affidavit stated that he did not relinquish control or possession of his automobile to "Earl's" personnel; and that he hired "Frenchie's" to do the work.

The evidence is that Owens paid only "Frenchie's" and was not billed by "Earl's".

The uncontroverted testimony in Harrison's deposition is that (a) when the cleanup work was finished, Lambert telephoned Earl Hill and asked him to return the Owens vehicle to "Frenchie's" shop; and (b) Earl Hill then asked Harrison to perform that task.

Tex.R.Civ.P. 166–A(c) allows summary judgment to be based on the uncontroverted testimonial evidence of an interested witness when the evidence is clear, positive, direct and otherwise credible, provided such evidence is free from contradictions and inconsistencies and could have been readily controverted.

The trial court, however, considered more in each suit than the testimony of an interested witness.

The summary judgment evidence included depositions of all of the parties to the original suit and the separate affidavits of the two who now are the appellees.

The interests of the four original defendants are patently adverse to one another, as well as to the plaintiff (appellant).

When a party opposing a motion for summary judgment verifies to the trial court the reasons why he is unable to obtain an affidavit of facts essential to his opposition, the trial court is authorized to deny summary judgment or to grant a continuance. Tex.R.Civ.P. 166–A(f).

Appellant did not file affidavits opposing the motion for summary judgment nor did he request relief under subdivision (f) of Rule 166–A.

The question before us then is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the appellant's causes of action against the appellees. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176 (Tex.1972); *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375 (Tex.Civ. App.—Tyler 1978, writ ref'd. n.r.e.).

The causes of action alleged against the appellees are founded upon theories of agency and negligent entrustment of a motor vehicle.

We are confronted with the essential questions that faced the trial court.

First, did the summary judgment proof establish that there is no genuine issue of fact as to the existence of principal-agent relationships among Owens, "Frenchie's", "Earl's", and Harrison?

■ Agency is a relationship which must be proved and cannot be presumed to exist. *Buchoz v. Klein*, 143 Tex. 284, 184 S.W.2d 271 (1944); *Southwest Wheel & Manufacturing Co. v. Sholts*, 501 S.W.2d 387 (Tex. Civ.App.—Beaumont 1973, writ ref'd. n.r. e.).

■ An essential element of proof of agency is that the alleged principal has both the right to assign the agent's task and to control the means and details of the process by which the agent will accomplish the task. *New Terminal Warehouse Corp. v. Wilson*, 589 S.W.2d 465 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd. n.r.e. per curiam, 605 S.W.2d 855, Tex. 1980).

■ The uncontroverted affidavits and depositions presented as summary judgment evidence negate any contention that either of the appellees had or tried to exercise any right to control the performance of "Earl's" or Harrison in matters material to this lawsuit.

We conclude that as a matter of law the trial court was presented with summary judgment proof sufficient to negate any ability of appellant to establish existence of a genuine fact issue as to whether the alleged agency relationship did exist.

The second question is: did the summary judgment proof establish that there is no genuine fact issue as to whether the Owens automobile was negligently entrusted to Harrison by either of the appellees?

■ Under the doctrine of negligent entrustment, one who gives control of his

motor vehicle to a person whom he knows is an incompetent and reckless driver may be held liable for the damage which results. *Hines v. Nelson,* 547 S.W.2d 378 (Tex.Civ. App.—Tyler 1977, no writ).

The elements of proof, as summarized in *Hines,* are:

"(1) Entrustment by the owner;

(2) Negligence in entrustment to a driver who the owner knows or should have known is a reckless or incompetent driver;

(3) Negligence by the driver on the occasion in question; and

(4) Driver's negligence was the proximate cause of the occurrence in question."

The summary judgment evidence is that Owens took his automobile to "Frenchie's" for cleanup. Later the same day, Earl Hill took possession of the ignition keys at "Frenchie's" and entrusted them to his driver, Harrison.

Significantly, the collision did not occur on that day.

The uncontroverted evidence is that the collision occurred several days later, after "Earl's" had completed cleaning the car at "Earl's" shop.

There is no evidence that either of the appellees was present at "Earl's" on the occasion when Earl Hill instructed Harrison to drive the car during its return to "Frenchie's". It was on that occasion, with Harrison driving, that the collision occurred.

Even assuming, *arguendo,* that Harrison was proximately negligent, the summary judgment evidence did not include all of the elements required to create an issue as to negligent entrustment.

We conclude that as a matter of law, the trial court was presented with summary judgment proof sufficient to negate any ability of appellant to establish existence of a genuine fact issue as to whether the automobile was negligently entrusted to Harrison by either of the appellees on the occasion in question.

Appellant's points of error are overruled.

Judgment of the trial court is affirmed.