Camelia Joyce SCHULTZ, Representative of the Estate of Philip M. Farr, Deceased, Appellant,

v.

RURAL/METRO CORPORATION OF NEW MEXICO—TEXAS d/b/a American Medical Transport, Appellee.

No. 14–96–01079–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 13, 1997.

William J. Cronin, Bruce A. Rokohl, Houston, for appellant.

Catherine Noelie Fuller, Houston, for appellee.

Before YATES, EDELMAN and O'NEILL, JJ.

## OPINION

ONEILL, Justice.

Camelia Joyce Schultz, representative of the Estate of Philip M. Farr ("Schultz"), appeals from a summary judgment granted in favor of Rural/Metro Corporation of New Mexico—Texas d/b/a American Medical

Transport ("AMT"), in a negligence action. Schultz contends the trial court erred in applying the absolute two-year limitations period contained in the Medical Liability and Insurance Improvement Act (hereinafter "article 4590i") because (1) the statute does not apply to her negligence claims, (2) the summary judgment proof was inadequate to show that AMT was a "health care provider" within the meaning of the statute, and (3) the statute is unconstitutional as applied to her claims.Finding AMT's summary judgment proof insufficient to invoke the article 4590i limitations period, we reverse the judgment of the trial court and remand for further proceedings.

## Background

At the time of the incident giving rise to this suit, Philip M. Farr was a seventy-five year old, terminally ill cancer patient undergoing radiation therapy at Peakwood Rehabilitation Center ("Peakwood") in Houston, Texas. Because he needed assistance getting to Peakwood from the hospital, his wife arranged for AMT, a private ambulance company, to transport him. On March 3, 1993, while being transported to Peakwood, Farr fell from the stretcher and suffered injuries. Although he died six days later, it is undisputed that Farr's death was related to the cancer and not to the fall.

On December 1, 1995, Schultz filed suit against AMT for negligence. AMT successfully moved for summary judgment on the ground that Schultz's claims were barred by article 4590i's two-year limitations period. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.1997). Schultz concedes that if article 4590i applies, her claims are time barred. Conversely, AMT does not dispute that if article 4590i does not apply, Schultz's claims are timely under the tolling provisions of § 16.062(a) of the Texas Civil Practice & Remedies Code.[1] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.062(a) (Vernon 1997). Consequently, we must determine whether AMT established as a matter of law that article 4590i applies to Schultz's claims.

## Standard of Review

The appropriate standard to be followed when reviewing a summary judgment is well-established. The movant has the burden to show that there exist no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic,* 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied). In determining whether there is a material fact issue that would preclude summary judgment, evidence favorable to the nonmovant will be taken as true, and every reasonable inference must be indulged in its favor. *See id.* A defendant moving for summary judgment on an affirmative defense must expressly present and conclusively prove all essential elements of that defense as a matter of law; there can be no genuine issues of material fact. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). The movant asserting limitations as the basis for summary judgment assumes the burden to show as a matter of law that the suit is time barred. *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Kyle v. West Gulf Maritime Ass'n,* 792 S.W.2d 805, 808 (Tex.App.—Houston [14th Dist.] 1990, no writ).

## Discussion

To invoke the article 4590i limitations provision, AMT must show that Schultz's cause of action is a "health care liability claim" as defined in section 1.03(a)(4). *See* TEX.REV. CIV. STAT. ANN. art. 4590i, § 1.03(a)(4) (Vernon Supp.1997). That section defines a "health care liability claim" as

a cause of action against *a health care provider or a physician* for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety....

*Id.* (emphasis added). A "health care provider" is defined as

---

1. Section 16.062(a) provides that the death of a plaintiff suspends the running of the statute of limitations for twelve months after the death.

any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered in the State of Texas *to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home,* or an officer, employee, *or agent thereof* acting in the course and scope of his employment. *Id.* § 1.03(a)(3) (emphasis added).

AMT does not itself purport to be a "physician" or "health care provider," but claims to be an agent of its Medical Director, Dr. Smith, a physician, and thus to fit within the section 1.03(a)(3) definition of a "health care provider." AMT's argument presupposes that a "physician" is impliedly subsumed within the section 1.03(a)(3) definition of a "health care provider," and that therefore agents of physicians may also be considered "health care · providers." Even assuming, without deciding, the validity of AMT's presumption,[2] we do not believe AMT met its summary judgment burden to establish an agency relationship under the statute.

■ An agency is the consensual relationship between two parties where one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control. *See Lone Star Partners v. NationsBank Corp.,* 893 S.W.2d 593, 599 (Tex.App.—Texarkana 1994, writ denied). An agency relationship will not be presumed, and the party asserting the relationship has the burden to prove its existence. *See Johnson v. Owens,* 629 S.W.2d 873, 875 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). In proving the existence of an agency relationship, it is essential to show that the alleged principle has both the right (1) to assign the agent's task, and (2) to control the means and details of the

process by which the agent will accomplish the assigned task. *Id.* (citing *New Terminal Warehouse Corp. v. Wilson,* 589 S.W.2d 465 (Tex.Civ.App.—Houston [14th Dist.] 1979), *writ ref'd n.r.e. per curiam,* 605 S.W.2d 855 (Tex.1980). An agency relationship may be shown by direct testimony or by circumstantial evidence showing "the relationship of the parties and their conduct concerning the transaction at hand." *Spangler v. Jones,* 861 S.W.2d 392, 397 (Tex.App.—Dallas 1993, writ denied) (citing *Kirby Forest Indus., Inc. v. Dobbs,* 743 S.W.2d 348, 356 (Tex.App.—Beaumont 1987, writ denied)).

■ To establish that its employees (John Conyers and Barbara Thomas) were acting as agents of Dr. Smith while transporting Farr, AMT offered the affidavits of the following AMT employees, none of whom were involved in the actual transport: (1) Tim Brumm, Central Texas Area Manager, (2) Patty Nateghi, Communications Supervisor, and (3) Robert E. Underdown, Director of Risk Management.[3] Those affidavits, in pertinent part, contain the following statements:

Tim Brumm:

4. [AMT] fully consented to the fiduciary and agency relationship with its Medical Director, Dr. Smith, who was licensed to practice medicine in the state of Texas on March 3, 1993.

5. On March 3, 1993, [AMT] and its employees, including John Conyers and Barbara Thomas, acted as agents for Dr. Smith under his control, supervision, medical protocols, medical direction, and Texas license to practice medicine.

---

**2.** In *Lenhard v. Butler,* 745 S.W.2d 101, 104 (Tex.App.—Fort Worth 1988, writ denied), the court agreed that physicians are health care providers under those specific provisions of the statute that refer to "physicians, hospitals *and other health care providers,*" but declined to imply that physicians should be included within the section 1.03(a)(3) definition of a "health care provider." The court noted that "section 1.03(a)(3) deletes 'physicians' from its list of health care providers because physicians are provided for elsewhere in [4590i]," and concluded:

We interpret section 1.03(a)(3) to not only define 'health care provider', but also to list several other professionals *who are not physicians* but

nonetheless are health care providers whom the legislature intended to come under the auspices of article 4590i.

Interpretation by implication is permitted only to supply obvious intent not expressly stated, and never to contradict nor add to a statute.... *We therefore decline to accept the appellant's contention that article 4590i impliedly includes physicians ....*

*Id.* at 104–105 (citations omitted) (emphasis added).

**3.** AMT did not offer affidavits from Dr. Smith, John Conyers or Barbara Thomas.

6. Through this agency relationship, [AMT] provided health care to the patients it treated and transported.

Patty Nateghi:

6. [AMT] was Dr. Smith's agent under the consensual working relationship on March 3, 1993.

7. [AMT] provided health care to patients while working as Dr. Smith's agent under his medical direction, medical protocols, supervision, control and Texas medical license.

Robert Underdown:

6. Under the agreed and consensual working relationship, [AMT] was at all times, including March 3, 1993, providing health care to patients as Dr. Smith's agent, acting under his control, medical protocols, supervision, medical direction, and Texas license to practice medicine.

It is undisputed that the foregoing affiants are interested witnesses. Consequently, to support summary judgment, the evidence presented in their affidavits must be "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and [capable of being] readily controverted." TEX.R. CIV. P. 166a (c); *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). Moreover, the summary judgment affidavits must set forth "such facts as would be admissible in evidence," not mere conclusions. TEX.R. CIV. P. 166a(f); *Crain v. Davis*, 417 S.W.2d 53, 55 (Tex.1967).

■■■ AMT's summary judgment affidavits present *no evidence* of a consensual relationship with Dr. Smith, his right to assign the tasks of AMT's employees, or his right to control the means and details of the process by which those employees would accomplish those tasks. *See Johnson*, 629 S.W.2d at 875. Neither do the affidavits present evidence of the parties' conduct from which we might imply these elements. *See Spangler*,

861 S.W.2d at 397. The mere appointment of Dr. Smith as AMT's Medical Director, absent evidence of the nature of the relationship or the doctor's control, is insufficient to support a finding of agency. *See Thompson v. Schmitt*, 115 Tex. 53, 274 S.W. 554, 557 (1925). Self-serving statements by interested witnesses as to what they knew or intended are not easily controverted and will not support a motion for summary judgment. *See Allied Chem. Corp. v. De Haven*, 752 S.W.2d 155, 158 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Testimony comprised only of legal conclusions is insufficient to support summary judgment as a matter of law. *Anderson*, 808 S.W.2d at 55; *Harbour Heights Dev., Inc. v. Seaback*, 596 S.W.2d 296, 297 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The conclusory statements contained in the affidavits comprising AMT's summary judgment proof are incompetent to establish as a matter of law that AMT's employees were acting as Dr. Smith's agents in transporting Farr.[4]

■■■ AMT alternatively claims chapter 197 of the Texas Administrative Code establishes an agency relationship between AMT and its Medical Director. *See* 22 TEX. ADMIN. CODE § 197.1 *et seq.* (West 1997) (Tex. Bd. Med. Examiners, Emergency Medical Service) (hereinafter the "Emergency Medical Service Act"). Specifically, AMT points to section 197.5(c), which provides:

**§ 197.5 Authority for Control of Medical Services at the Scene of a Medical Emergency**

(c) The prehospital provider on the scene is responsible for the management of the patient and acts as *the agent of the physician providing medical direction.*

*Id.* (emphasis added).

AMT's argument is unpersuasive for several reasons. First, article 4590i and the Emergency Medical Service Act do not pertain to the same subject matter. The Emer-

---

4. AMT claims Schultz waived her complaints concerning the affidavits by failing to secure a written ruling on her objections to the summary judgment proof. However, Schultz's complaints are addressed not to the form of the affidavits, which may be waived by failure to object, but to their substance. *See Ramirez v. Transcontinen-*

*tal Ins. Co.*, 881 S.W.2d 818, 829 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (holding objection to affidavit on ground it states legal conclusion relates to defect in substance). Objections to defects in the substance of affidavits may be raised for the first time on appeal. *Id.*

gency Medical Service Act was enacted for the purpose of facilitating "the most appropriate utilization of the skills of physicians who delegate health care tasks to qualified emergency medical service (EMS) technicians." TEX. ADMIN. CODE ANN. § 197.1. Article 4590i, on the other hand, was intended to alleviate the "medical malpractice insurance crisis" in Texas by modifying the way in which health care liability claims are administered by the courts. TEX.REV.CIV. STAT. ANN. art. 4590i § 1.02. Therefore, the Acts have distinctly different purposes and deal with essentially different subject matter. *See Lenhard v. Butler,* 745 S.W.2d at 105 (holding it is inappropriate to utilize provisions of the Medical Practice Act to guide the court's interpretation of article 4590i).

Second, section 197.5(c) of the Medical Service Act specifically relates to the control of medical services "at the scene of a *medical emergency.*" TEX. ADMIN. CODE ANN. § 197.5(c) (emphasis added). AMT failed to establish that the transportation of Farr to Peakwood for radiation therapy was a medical emergency covered by the Act. Finally, section 197.5(c) states that the prehospital provider acts as the agent of "the physician providing medical direction." *Id.* AMT offered no competent summary judgment proof to show that Dr. Smith was the physician providing medical direction when Farr was transported to Peakwood. For the foregoing reasons, we decline to infer from section 197.5(c) of the Emergency Medical Service Act that AMT's employees were acting as agents of a health care provider in transporting Farr for purposes of article 4590i, section 1.03(a)(3). *See Townsend v. Catalina Ambulance Co., Inc.,* 857 S.W.2d 791, 791, 795–96 (Tex.App.—Corpus Christi 1993, no writ) (holding an emergency ambulance service is not a "health care provider" for purposes of article 4590i). Based upon the foregoing, points of error one and two are sustained.

Having determined that AMT may not invoke the protections of article 4590i because it failed to prove it was a "health care provider," we need not address Schultz's remaining contentions that AMT did not provide health care as contemplated by the statute, or that article 4590i is unconstitutional as applied to her claims.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings.