NUMBER 13-00-650-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
JORGE CASO-BERCHT, ET AL.,                                               Appellants,

v.
 
STRIKER INDUSTRIES, ET AL.,                                  Appellees.
                                                                                                                       

On appeal from the 113th District Court of Harris County, Texas.
                                                                                                                      

O P I N I O N

                  Before Justices Hinojosa, Castillo and Amidei



Opinion by Justice Amidei 

         Jorge Caso-Bercht, Don Alfredo Chedraui, Luis Prado Gomez, Purplow Corporation
II A.V.V., Carlos Vizcaino Gutierrez, Alejandro Marti, Ignacio Gonzalez Noble, Alberto
Barroso Rivera, Ignacio Perez-Salazar, and Jorge Quinzanos Suarez, appellants, appeal
from a judgment granting summary judgment motions alleging appellants did not have
standing and capacity, and ordering that appellants take nothing by their suit against
appellees Striker Industries, Inc., West Oxford Industries, Inc., STDF Corporation, David
Collins, Catherine Collins, InterAmerican Securities, Inc., Public Securities, Inc., and
William Ross. 
          Appellants allege they are the owners of investment accounts that were under the
discretionary control of appellees, subject to appellants’ specific instructions to invest in
diversified, quality, low-risk investments. However, contrary to appellants’ instructions,
appellees used appellants’ accounts to purchase worthless securities and notes issued by
certain of the corporate appellants, which resulted in the loss of millions of dollars to the
appellants.
          Four of appellants’ claims relate to federal and state securities laws. The remaining
thirteen claims relate to a concerted and deliberate course of conduct by all appellees
involving fraud, misrepresentation, breach of fiduciary duties, tortious interference with
contractual relationships, conspiracy, and conversion. The grounds of appellees’ motions
for summary judgment are that appellants lack standing and capacity because appellants
held the stock in question under “street names” and pseudonyms and were not owners as
required by the securities statutes. The trial court’s judgment sustained appellees’
objections to appellants’ summary judgment evidence, granted appellees’ motions for
summary judgment, and ordered that appellants take nothing by way of this lawsuit against
appellees. We reverse and remand. 
 
 
Standard of Review
          The appropriate standard to be followed when reviewing a traditional summary
judgment is well established. Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 759 (Tex.
App.–Houston [14th Dist.] 1997, no writ). The movant has the burden to show that there
exist no genuine issues of material fact and that it is entitled to judgment as a matter of
law. Id. A defendant moving for summary judgment on an affirmative defense must
expressly present and conclusively prove all essential elements of that defense as a matter
of law; there can be no genuine issues of material fact. Id. Every reasonable inference
must be indulged in favor of the nonmovants and any doubts resolved in their favor. Martin
v. Tex. Woman’s Hosp., Inc., 930 S.W.2d 717, 720 (Tex. App.–Houston[1st Dist.]1996, no
writ).
          In considering a no-evidence motion for summary judgment under rule 166a(i), a
summary judgment is improper if the nonmovant brings forth “more than a scintilla of
evidence.” Tex. R. Civ. P. 166a(i); Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex.
App.–Houston [1st Dist.]1999, no writ). A nonmovant produces more than a scintilla of
evidence when the evidence “rises to a level that would enable reasonable and fair minded
people to differ in their conclusions.” Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997).
          A no-evidence summary judgment is only proper after an “adequate time for
discovery.” Tex. R. Civ. P. 166a(i). 
 
 
Issues Presented
          Appellants’ first issue asserts that the trial court erred in granting defendants’ rule
166a(c) motions for summary judgment. See Tex. R. Civ. P. 166a(c).
          The grounds of appellees’ motions for summary judgment are that appellants lack
standing or capacity to maintain their action because appellees’ records do not reflect: (1)
that appellants purchased a security from Striker, West Oxford or STDF; or (2) any
accounts at InterAmerican or Public in appellants’ names.
          Appellants argue that the appellees’ supporting affidavits of David Collins and
William Ross are substantially defective because they state that company records indicate
no purchases by appellants, but none of the records referred to were attached to the
affidavit. Noriega v. Mireles, 925 S.W.2d 261, 265 (Tex. App.–Corpus Christi 1996, writ
denied) (if there is a dispute regarding what is contained in the records, the failure to attach
a copy of the records to the affidavit is a substantive defect in summary judgment proof
which can be raised for the first time on appeal). Both affidavits state that if any of the
appellants had purchased a security from Striker, West Oxford or STDF, their company
records would indicate their purchase, but such records would not list the purchases
appellants made in a “street name” or under a “pseudonym” in order to protect their
privacy. 
          Appellants claim to be beneficial owners of securities that were bought in “street
names” and placed in the custody of the depository firm, The Depository Trust Company
(DTC), which registers the securities on CEDE lists.


Stock purchased in a street name by
a brokerage firm is owned by the customer or client of the brokerage firm. Weiss v.
Dempsey-Tegeler & Co., 443 S.W.2d 934, 935( Tex. Civ. App.–Amarillo 1969, writ ref’d
n.r.e.). Appellees knew, or should have known, that in general, a corporation’s shareholder
records will not reflect the names or addresses of the beneficial owners but will instead list
the names of nominees used by depository firms, and if there were any doubt that
appellants purchased stock in Striker, West Oxford, or STDF, a list of beneficial owners
could have been obtained with the appellants listed as beneficial owners. Luxottica Group
S.P.A. v. United States Shoe Corp., 919 F.Supp. 1091,1092 (S.D. Ohio 1995) (under SEC
regulations, brokers and other record-holders of stock in street name must compile a list
of non-objecting beneficial owners (“NOBO”) at a corporation’s request within five business
days). Appellants established that more than 6 million shares of Striker stock were listed
on the Striker stock ledger under the caption “CEDE & Co.,” and that stock was purchased
in corporate names designated by appellants, and those names appear on the Striker
Securityholder List. As holders of stock in “street names,” appellants are the actual
purchasers of the stock and known as the beneficial owners. In re Penn Cent. Sec. Litig.,
560 F.2d 1138,1140 (3rd Cir. 1977) (cites final report of the SEC of the practice of
recording the ownership of securities in the records of the issuer in other than the name
of the beneficial owner of such securities pursuant to section 12(m) of the Securities
Exchange Act of 1934). Appellants Caso-Bercht and Marti requested all of the securities
held in their accounts be held in street names, and that their names not be released to the
corporate issuers. Since the Collins and Ross affidavits do not mention the CEDE list, or
that the appellants may own stock purchased in a “street name” or corporate name, the
conclusions that appellants did not purchase securities from Striker, West Oxford, or
STDF, are inconclusive, misleading and disputed. Appellees cite no authority that holds
that appellants have no standing because they purchased stock in “street names.” We
hold that the Collins and Ross affidavits are substantively defective because the records
they referred to were not attached. Id.; see Noriega, 925 S.W.2d at 265.
          Even if the Collins and Ross affidavits were not substantively defective: (1) they do
not controvert appellants’ evidence that they held the securities in accounts in names other
than their own for security reasons and to protect their privacy; (2) two of the appellants,
Caso-Bercht and Marti, owned their accounts at the outset and their standing and capacity
was not contested; and (3) each of the other appellants’ affidavits proved assignment and
assumption agreements for the accounts held in corporate names, or powers of attorney
for the accounts opened under pseudonyms, which is evidence of beneficial ownership and
capacity or legal authority to act. These appellants’ affidavits stated that each plaintiff is,
“the only person with authority to assert and defend any legal claims arising from the
purchase, transfer, sale or possession of these securities held in the Accounts.“ Appellees’
objection that appellants cannot testify they owned or are the beneficial owners of
securities and notes was erroneously sustained by the trial court. Glasscock v. Frost Nat’l
Bank, 928 S.W.2d 599, 600 (Tex. App.–San Antonio 1996, writ denied); First Gibralter
Bank, FSB v. Farley, 895 S.W.2d 425, 428 (Tex. App.–San Antonio 1995, writ denied). 
We set aside the trial court’s order sustaining such objection. The Collins and Ross
affidavits do not controvert appellants’ statements as to the assignments and ownership
of the securities. 
          To establish the elements of the test for determining standing and capacity,
appellees cite Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659,
661(Tex. 1996), but actually it supports appellant’s standing and capacity by its holding,
as follows: “A plaintiff has standing when it is personally aggrieved, regardless of whether
it is acting with legal authority; and a party has capacity when it has the legal authority to
act, regardless of whether it has a justifiable interest in the controversy.” Id. at 660-61. 
          Nootsie upheld the standing and capacity of the appraisal district to seek a
declaration that a statute it was charged with implementing violated the Texas Constitution. 
Id. Appellants allege they were personally aggrieved by the appellees’ conduct within the
meaning of the Nootsie case. Appellees cite Davidson v. Belcor, Inc., 933 F.2d 603 (7th
Cir. 1991), to support their argument that “beneficial owners” do not have standing to
assert claims in this case. However, appellants argue that Davidson is distinguishable and
not on point because that case involved claims under section 10(b) and rule 10b-5 of the
Federal Securities & Exchange Act, which is not involved in this case, and the claimant
acquired a percentage interest of shares in a divorce case where her ex-husband was the
owner. See id. at 606-07. We agree with appellants’ analysis of the Davidson case. 
          Appellees cite In re Nucorp Energy Sec. Litig, 772 F.2d 1486 (9th Cir. 1985), as
authority that a securities fraud cause of action arising from reliance on a
misrepresentation is personal to those persons who relied and does not follow the security
to subsequent owners. Id. at 1489-90. However, as pointed out by appellants, In re
Nucorp held that a statutorily provided cause of action may be expressly assigned and
therefore supports the appellants’ position. We agree. Also, appellees cite 7547 Corp v.
Parker & Parsley Dev. Partners, 38 F.3d 211 (5th Cir. 1994), for the proposition that a
person must purchase a security directly from a defendant in order to have standing, but
this case actually recognized that beneficial owners or assignees may have standing, and
at least in view of the affidavits in that case, there was a fact issue. Id. at 256. Here,
appellants filed nine affidavits, which were uncontroverted, stating that each of the
appellants was a beneficial owner of a numbered account that purchased, held, and/or sold
securities issued by the Striker appellees and/or their subsidiaries or affiliates. Appellants
are aggrieved parties and have standing and capacity as beneficial owners, with or without
the assignments. Id.; see also Nootsie, Ltd., 925 S.W.2d at 661.
          Appellants’ issue number one is sustained. The summary judgment in effect holding
appellants have no standing or capacity is improper because it is not supported by any
competent evidence. 
          Appellants’ issue number two claims that the trial court erred in granting appellees’
rule 166a(i) motions for summary judgment because appellants presented more than a
scintilla of evidence to defeat such motions, and there being no discovery allowed by the
trial court, its ruling on the no-evidence motions was premature.
          Appellees’ motions under rule 166a(i) should have been denied because appellants’
uncontroverted summary judgment evidence proves they have standing and capacity as
a matter of law. Moreover, a no-evidence summary judgment is only proper after an
“adequate time for discovery.” Tex. R. Civ. P. 166a(i); In re Mohawk Rubber Co., 982
S.W.2d 494, 498 (Tex. App.–Texarkana 1998, orig. proceeding). The trial court granted
appellees’ motion to stay discovery and prevented any discovery prior to the summary
judgment being granted.
          Appellants’ issue number two is sustained. The trial court should have denied the
no-evidence motions for summary judgment based on the appellants’ uncontroverted
summary judgment evidence. The trial court erred in staying discovery, but this error was
harmless since appellants presented enough summary judgment evidence for the trial
court to deny the no-evidence motions for summary judgment as a matter of law.
          Appellants’ issue number three claims the trial court erred in sustaining objections
to appellees’ summary judgment evidence.
          Appellees objected to paragraphs 2, 5, and 6 of appellants’ affidavits on the grounds
that appellants cannot testify they owned or were beneficial owners of securities and notes. 
We have already held that the trial court erred in sustaining this objection. A person may
prove his ownership by stating in an affidavit he is the owner, if there is no controverting
summary judgment evidence. Glasscock, 928 S.W.2d at 600.
          Appellees also objected to the assignment and assumption agreements for lack of
proper foundation, failure to establish requisite authority to enter the agreements, and lack
of authentication. Apparently, appellees are objecting because the authority of the
assignors’ agents to sign the assignments was not shown as a prerequisite to admissibility. 
Appellees do not cite authority that requires an assignee to prove the authority of the agent
signing for the assignor. Attaching the assignments to the affidavits and describing the
assignments therein is sufficient authentication or identification to show the documents are
what the appellants claim they are as a condition precedent to admissibility. Tex. R. Evid.
901(a)(b)(1); Republic Nat‘l Leasing Corp. v Schindler, 717 S.W.2d 606, 607( Tex. 1986).
The trial court erred in sustaining this objection. We set aside such ruling and hold that the
trial court should have considered the assignment and assumption agreements as part of
the summary judgment record.
          Appellees also objected to other documents appellants filed as summary judgment
evidence on the basis of lack of foundation or authentication and hearsay. Because the
objections lacked sufficient specificity to preserve an appellate complaint, appellees waived
any objection. Tex. R. App. P. 33.1(a)(1)(A). Assuming such objection was sufficiently
specific, documents presented with a properly sworn affidavit stating that the attached
documents are true and correct copies of the originals sufficiently authenticates the copies
so they may be considered as summary judgment evidence. Republic Nat’l Leasing Corp.,
717 S.W.2d at 607. Appellants’ issue number three is sustained. We set aside the trial
court’s ruling sustaining this objection, and find the documents admissible as part of the
summary judgment record.
          Appellants’ issue number four complains that the trial court denied appellants an
opportunity to cure alleged defects in their summary judgment evidence. Inasmuch as we
have reversed the trial court rulings which granted appellees’ objections to appellants’
evidence, it is not necessary for us to address and rule on this issue. There were no
defects to cure.
          Appellants’ issue number five argues that the trial court erred in striking appellants’
summary judgment evidence to which the Spokane defendants did not object, and in
granting the Spokane defendants’ rule 166a(c) motion. Because the Spokane defendants
did not file any objections to the appellants’ summary judgment evidence, they cannot rely
on another defendant’s objections. Martinez v. State, 833 S.W.2d 188, 191 (Tex.
App.–Dallas 1992, writ ref’d). The trial court erred in rendering summary judgment for the
Spokane defendants when the appellants’ summary judgment evidence, which was
erroneously stricken, precludes summary judgment for any of the appellees. Appellants’
issue number five is sustained.
          Appellants’ summary judgment evidence precluded a judgment that they take
nothing by way of this lawsuit, and the trial court’s take nothing judgment is error. The trial
court judgment sustaining appellees’ objections to appellants’ summary judgment and
granting appellees’ motions for summary judgment is reversed and judgment is rendered
that appellees’ motions for summary judgment are denied. The trial court judgment that
appellants take nothing by way of their lawsuit is reversed and remanded for further
proceedings. 
 
                                                                           ___________________________
                                                                           MAURICE AMIDEI, Justice
                                                                           (Assigned)


Opinion delivered and filed this
the 13th day of May, 2004.