

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00269-CV
_____

BARBARA BAXTER, APPELLANT

V.

RON COLLINS D/B/A BRAZOS VALLEY POOLS & HOT TUBS
AND MARC MORONO D/B/A/ AAM COMPANY, APPELLEES

On Appeal from the County Court at Law Number 1
Brazos County, Texas
Trial Court No. 12-001400-CV-CCLI; Honorable Amanda Matzke, Presiding

April 11, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Barbara Baxter, appeals from a take-nothing judgment following a bench trial in favor of Appellees, Ron Collins d/b/a Brazos Valley Pools & Hot Tubs (Collins/Brazos) and Marc Morono d/b/a AAM Company (Morono/AAM) in her contract

and tort action involving the construction of a swimming pool.[1]  On appeal, Baxter asserts the trial court abused its discretion (1) by not finding Collins personally liable on the swimming pool contract due to his failure to disclose the true identity of his principal, (2) by not finding Collins/Brazos liable on any of Baxter's claims for common law tort, (3) breach of contract, (4) fraud, (5) negligent misrepresentation, and (6) violation of the Deceptive Trade Practices Act,[2] and (7) by applying the economic loss rule to Baxter's fraud claims.  She also contends the evidence is (8) legally and (9) factually insufficient to support the trial court's Finding of Fact Number 9,[3] (10) legally and (11) factually insufficient to support the trial court's Finding of Fact Number 18,[4] (12) legally and (13) factually insufficient to support the trial court's Finding of Fact Number 20,[5] and that the trial court abused its discretion by (14) not finding Collins liable on Baxter's breach of an implied warranty of good and workmanlike construction claim and (15) by not finding Morono/AAM liable on Baxter's negligence claim.

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between the precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[2] *See* Deceptive Trade Practices—Consumer Protection Act, TEX. BUS. & COM. CODE ANN. §§ 17.41-924 (West 2011 & Supp. 2018).

[3] Finding of Fact Number 9 states that Baxter's expert at trial "offered no factual or opinion testimony regarding the proximate cause of the soil collapse around Baxter's pool."

[4] Finding of Fact Number 18 states "[t]here was no evidence offered at trial that the pool that was sold by Brazos Valley Pools & Hot Tubs to Baxter failed in any way as a product or through an installation defect"  and "no evidence produced at trial that the pool liner was defective and failed in any way, that the steel supports or any of the pool equipment failed, or that the construction in excavating the ground for the pool was the cause of the soil collapse."

[5] Finding of Fact Number 20 states that Baxter failed to produce any evidence at trial "of the actual and proximate cause of the soil collapse around her pool."

Distilled to its essence, the two central issues in this appeal are whether Baxter produced sufficient evidence at trial to establish (1) Collins's personal liability for a breach of Baxter's swimming pool construction contract with Brazos and (2) if so, that Collins and Morono/AAM breached that contract causing her to suffer damages. We find that there was no evidence at trial to establish that Collins was individually liable for Baxter's claims and Baxter failed to produce any evidence establishing a causal link between the pool's installation and the subsequent events from which she alleges injury. We affirm the trial court's judgment.

BACKGROUND

In September 2009, Sakara Ibis Corporation purchased Barry Pool Company. Barry Pool Company was registered as the assumed name under which Sakara conducted professional services. Collins was Sakara's president. In addition, a Texas Sales and Use Permit was issued to Sakara under the assumed business name of Brazos Valley Pools & Hot Tubs. Sakara also registered a Certificate of Assumed Business Name under Barry Pool Company. From 2009 through 2015, Sakara filed its federal income tax returns naming itself and underneath Brazos Valley Pools & Hot Tubs. In January 2010, the name of Barry Pool Company was changed to Brazos Valley Pools & Hot Tubs.

On or about May 11, 2010, Baxter purchased a pool from Sakara doing business under the assumed name of Brazos Valley Pools & Hot Tubs. Collins was the salesperson who sold her the pool and the invoice representing their agreement issued

3

under the name of Brazos Valley Pools & Hot Tubs.  At the time, two outdoor signs also indicated that the business establishment was named Brazos Valley Pools & Hot Tubs.

Brazos Valley Pools & Hot Tubs hired Marc Morono, possibly doing business under the names of The Morono Brothers Corp., AAM Company, or AAMCo Pool Company,[6] to perform the excavation and pool installation.  From May 28 to June 17, the pool was constructed pursuant to a pool permit issued to Brazos Valley Pools as the contractor and the fee was paid in cash by Brazos Valley Pools.  Brazos Valley Pools also agreed to perform Baxter's post-installation requests based upon an agreement signed by Baxter wherein she agreed to pay $6,592.31 to Brazos Valley Pools.  The receipt for final payment by Baxter was issued by Brazos Valley Pools.

In June 2010, Baxter hired another contractor (not affiliated with Brazos Valley Pools & Hot Tubs or Morono) to install a concrete sidewalk and deck area around her pool.  Baxter had no engineered plans for the deck and no piers or support for the deck.  Brazos Valley Pools & Hot Tubs was not involved in any manner with the design, construction, or installation of the concrete deck surrounding the pool.[7]

On or about July 2010, after the concrete deck had been installed for several weeks, the soil surrounding the pool on both sides collapsed, causing damage to the pool.

---

[6] Baxter's original petition named Marc Moronof, d/b/a AAM Company, as a defendant. Marc Morono later filed a *pro se* original answer.  Collins later designated Marc Morono, d/b/a/ The Morono Brothers Corp. d/b/a AAM Company a/k/a AAMCo Pool Company as a third party.  Because Moronof appears to be a misnomer, like the trial court, we address the party as Morono.

[7] Baxter did not file suit against the contractor who installed the concrete deck around her pool.

Baxter did not hire anyone to determine the cause of the collapse, but she did engage a different contractor, Ameri-Tech Pools, to install a new pool.

Baxter subsequently filed her original petition in May 2012, and her first amended petition in August 2016. In her amended petition, Baxter alleged claims for breach of contract, common law fraud, fraud under the DTPA, negligence, negligent misrepresentation, and breach of an implied warranty of good and workmanlike construction. In his original answer, Collins denied that he was doing business under the trade name or assumed name of Brazos Valley Pools & Hot Tubs when he sold the pool to Baxter. In his *Request for Disclosure to Plaintiff Pursuant to Texas Rule of Civil Procedure 194*, filed in October 2014, Collins also informed Baxter that he believed Sakara was a proper party to the suit because her pleadings indicated Baxter entered into a contract with Brazos Valley Pools & Hot Tubs and it was that entity who allegedly breached the contract and caused her injury. In his first amended answer, Collins reiterated that he was not liable under a written contract agreed to by Brazos Valley Pools & Hot Tubs and was not liable in the capacity in which he had been sued—i.e., individually. [8]

---

[8] Baxter did not amend her petition to add Sakara as a defendant or allege any legal theory to pierce the corporate veil of either Sakara or Brazos Valley Pools & Hot Tubs. Neither did she amend her petition to allege any claim against Brazos Valley Pools & Hot Tubs, either in its corporate name or common name, or add it as a defendant. The various theories for piercing the corporate veil must be specifically pled or they are waived, unless they are tried by consent. *Endsley Elec., Inc. v. Altech, Inc.*, 378 S.W.3d 15, 22 (Tex. App.—Texarkana 2012, no pet.) (citing *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 688 (Tex. 1991)). No party asserts that any of the various theories of piercing the corporate veil was tried by consent.

In August 2016, a bench trial was held. At trial, neither Baxter nor Collins could testify as to why the soil collapsed, damaging the pool. Collins testified he was never allowed to perform an investigation into the collapse.

Baxter's expert at trial was Peter Gonzales of Ameri-Tech Pools. He admitted he was not a certified installer for the brand of pool (Doughboy Pools) sold by Brazos Valley Pools & Hot Tubs. He did, however, testify that he had seen a video of the Doughboy pool purchased by Baxter and that he had seen one in person, although he had never installed a pool manufactured by Doughboy.

Gonzales testified at trial as follows:

GONZALES: When you install an inground vinyl pool, it has to have a footing back behind the bottom of the wall.

QUESTION: Okay. And when you were digging out the pool, did you see any cement?

GONZALES: No, sir.

QUESTION: Okay. Um, what happens if it's just plain dirt or mud around the walls?

GONZALES: The first rain, it will cave.

QUESTION: Okay. And was there just dirt or mud around the walls?

GONZALES: That's what we all found, you know?

After the bench trial, the trial court sent the parties a letter finding "the correct party was not sued in this case and that causation of the alleged damages was not proven by [Baxter]." The letter was followed by the entry of a *Take Nothing Judgment* wherein the trial court found "that Ron Collins, individually, was not doing business under an assumed

6

name of Brazos Valley Pools [&] Hot Tubs." In May 2017, the trial court adopted the *Findings of Fact and Conclusions of Law* submitted by Collins.

For purposes of analysis, some of Baxter's issues may be grouped together. Thus, we will group issues one through seven which primarily address whether Collins may be liable for doing business as Brazos Valley Pools & Hot Tubs. We will then group issues eight through fifteen which primarily address whether Baxter's evidence at trial was sufficient to establish causation.

ISSUES ONE THROUGH SEVEN

Baxter asserts that the trial court erred by finding that Collins was not individually liable for breach of the swimming pool contract, fraud, negligent misrepresentation, and violation of the DTPA. We disagree.

We note that Baxter casts her issues under a standard of review that asks whether the trial court abused its discretion by not finding Collins individually liable on her claims. Rather than attempting to define an implied legal standard the trial applied in addressing these issues, we will address her issues under the standard of legal and factual sufficiency. Thus, since Baxter had the burden of proof on whether Collins was individually liable on her claims, we ask whether there was sufficient evidence at trial under a cognizable legal theory sufficient to find Collins individually liable.

STANDARD OF REVIEW

When both legal and factual sufficiency challenges are raised on appeal, the reviewing court must first examine legal sufficiency. *See Glover v. Tex. Gen. Indemnity*

7

*Co.*, 619 S.W.2d 400, 401 (Tex. 1981).  In conducting a legal sufficiency review, we must consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that supports that verdict.  *City of Keller v. Wilson*, 168 S.W.3d 802, 821-22 (Tex. 2005).  The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review.  *Id.* at 827.  We must sustain the challenge only when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence, or (d) the evidence conclusively establishes the opposite of the vital fact in question.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030, 124 S. Ct. 2097, 158 L. Ed. 2d 711 (2004).

In reviewing factual sufficiency, the reviewing court must consider, examine, and weigh the entire record, considering the evidence in favor of, and contrary to, the challenged findings.  *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998), *cert. denied*, 525 U.S. 1017, 119 S. Ct. 541, 142 L. Ed. 2d 450 (1998).  In doing so, the court no longer considers the evidence in the light most favorable to the finding; instead, the court considers and weighs all the evidence, and sets aside the disputed finding only if it is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.  *Id.* at 407.  In conducting a sufficiency review, the trier of fact, here the trial court, is the sole judge of the credibility of witnesses and of the weight to be given their testimony.  *City of Keller*, 168 S.W.3d at 819.

8

ANALYSIS

Baxter alleged in her petitions that Collins, doing business as Brazos Valley Pools & Hot Tubs, was the proper party to this suit. As such, she brought suit against Collins[9] under Rule 28 of the Texas Rules of Civil Procedure, as follows:

> Any . . . individual doing business under an assumed name may sue or be sued in its . . . assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

TEX. R. CIV. P. 28.

To be sued under Rule 28, a plaintiff must establish that an individual such as Collins, or a business is (1) doing business under (2) an assumed or common name. *Seidler v. Morgan*, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied) (before the use of a common name is adequate under Rule 28, there must be a showing that the named entity is in fact doing business under that common name). No one disputes that a claim for breach of contract could not be asserted individually against Collins because he was not a signatory to the contract; *see Endsley Elec., Inc.*, 378 S.W.3d at 22; *Dibon Solutions, Inc. v. Martinair,* No. 05-11-01586-CV, 2013 Tex. App. LEXIS 15221, at *11-12 (Tex. App.—Dallas Dec. 18, 2013, pet. denied) (mem. op.), however, it is conceivable that an individual such as Collins may be liable for a breach of

---

[9] Baxter did not file suit against Brazos Valley Pools & Hot Tubs as an individual entity. Neither was there any evidence Collins supported the pool's construction with personal funds, commingled personal and company funds, manipulated or transferred Brazos Valley Pools & Hot Tubs assets or liabilities, made loans to or from the company, prioritized himself as a creditor, or otherwise abused the entity's corporate form. *See Endsley Elec., Inc.*, 378 S.W.3d at 25.

9

contract if the business is doing business in the name of the individual. *See, e.g., Chilkewitz v. Hyson*, 22 S.W.3d 825, 828-29 (Tex. 1999).

In a legal sufficiency review, however, there must be some evidence that the business was doing business in Collins's name when the pool was sold to Baxter. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003). For example, in *Chilkewitz*, the Texas Supreme Court found there was some evidence an association was doing business under the common name of an individual doctor because the stationary bore his name on the letterhead, other documents contained the same letterhead, and the phone number in the yellow pages was listed under the doctor's name. 22 S.W.3d at 828-829.

In *Sixth RMA Partners*, the Texas Supreme Court found that there was some evidence that Sixth RMA used the name RMA Partners, L.P. as an assumed name when collecting the plaintiff's notes because RMA Partners, L.P. was used as a generic name for all the partnerships including Sixth RMA. RMA Partners, L.P.'s letterhead was used by Sixth RMA Partners for all purposes. Demand notices to note holders and referrals to collection attorneys were made on the same generic letterhead and payments on notes owned by Sixth RMA were made to RMA Partners, L.P. *Six RMA Partners,* 111 S.W.3d at 52.

Here, Baxter adduced no evidence at trial to support her theory that Collins was individually liable on the contract. Rather, her purchase invoice, the store's outdoor signage, subsequent communications by mail, the pool permit, and the receipt for payment were all issued in the name of Brazos Valley Pools or Brazos Valley Pools & Hot

Tubs. As such, there was legally insufficient evidence at trial to establish that Collins was doing business as Brazos Valley Pools & Hot Tubs.

Baxter also asserts that Collins should be held liable individually because he did not disclose his principal when she entered into the contract with Brazos Valley Pools & Hot Tub. To establish an agency relationship, Baxter was required to prove that "the alleged princip[al] ha[d] both the right (1) to assign the agent's task, and (2) to control the means and details of the process by which the agent will accomplish the assigned task." *Schultz v. Rural/Metro Corp. of N.M.-Tex.,* 956 S.W.2d 757, 760 (Tex. App.—Houston [14th Dist.] 1997, no writ) (citations omitted). The evidence at trial established that Brazos Valley Pools & Hot Tub was Collins's principal because it supplied him with authority to contract on its behalf and controlled the means and details of the pool's construction. As such, the trial court was correct in its finding that "Collins, in his individual capacity, does not do business under the assumed name of Brazos Valley Pools & Hot Tubs. Ron Collins was only acting as an agent on behalf of the company." Also, at the time of contracting, Collins's principal was named in numerous documents related to the contract and Collins negotiated the pool's price, construction, and post-construction improvements requested by Baxter on behalf of the company. There is no evidence Collins was an agent of Sakara[10] or that he did not disclose his principal at the time of contracting.

We hold that Baxter presented no evidence that Collins does business under the assumed or common name of Brazos Valley Pools & Hot Tubs and Rule 28 is

---

[10] Baxter does not take issue with the trial court's finding that "Collins is the owner and sole shareholder of Sakara Ibis Corporation which does business under the assumed name of Brazos Valley Pools & Hot Tubs. Collins is also its president and an employee of the corporation."

inapplicable. *See Storguard Invs., LLC v. Harris County Appraisal Dist.*, 369 S.W.3d 605, 617-18 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (no showing business held itself out to the public under the common name of an individual or that business requested to be referred to as individual in any records or communications). As such, the evidence is legally and factually insufficient to support Baxter's claims. Because we find that Collins, individually, was not a proper party to the suit as a matter of law, issues one through six are overruled and issue seven is pretermitted.[11]

ISSUES EIGHT THROUGH FIFTEEN

Baxter's claims against Morono/AAM likewise suffer a similar fate. In challenging the trial court's findings against Collins/Brazos on her claims of breach of contract, fraud, negligent misrepresentation, deceptive trade practices, and breach of an implied warranty of good and workmanlike construction and her negligence claim against Morono/AAM for negligence, she asserts there was legally and factually insufficient evidence to support the trial court's finding that Baxter failed to establish any evidence of causation. We disagree.

The components of proximate cause are cause-in-fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The elements may not be established by mere conjecture, guess, or speculation. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798-99 (Tex. 2003). The test for cause-in-fact is whether the act or omission was a substantial factor in bringing about the injury

---

[11] *See* TEX. R. APP. P. 47.1. Because we hold that Collins was not a proper party with regard to Baxter's fraud claim, we need not decide whether the trial court misapplied the economic loss rule to Baxter's fraud claims.

without which the harm would not have occurred. *Doe*, 907 S.W.2d at 477. Cause-in-fact is not shown if the defendant's act did no more than furnish a condition which made the injury possible. *Id.* The evidence must go further and show that the act was the proximate cause of the resulting injuries, not a remote cause, and the evidence must justify the conclusion that such injury was the natural and probable result thereof. *Id.*

Every claim Baxter has asserted against Collins/Brazos and Morono/AAM has an element of causation. *See Mack Trucks v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). *See also S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018) (breach of contract); *Bustamante ex rel. D.B. v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017) (negligence); *Zorrilla v. Apyco Constr., II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (material misrepresentation); *Williamson v. Howard*, 554 S.W.3d 59, 70 (Tex. App.—El Paso 2018, no pet.) (deceptive trade practices); *Paragon General Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 886 (Tex. App.—Dallas 2007, no pet.) (breach of warranty for services).

Gonzales, Baxter's expert, testified at trial as follows:

GONZALES: When you install an inground vinyl pool, it has to have a footing back behind the bottom of the wall.

QUESTION: Okay. And when you were digging out the pool, did you see any cement?

GONZALES: No, sir.

QUESTION: Okay. Um, what happens if it's just plain dirt or mud around the walls?

GONZALES: The first rain, it will cave.

13

QUESTION: Okay. And was there just dirt or mud around the walls?

GONZALES: That's what we all found, you know?

At best, his testimony does nothing more than establish that Collins/Brazos and Morono/AAM may have furnished a condition that made the injury possible. As a result, the trial court was left to guess or speculate as to whether their acts or omissions, if any, caused the soil to collapse, which in turn caused the pool to collapse.

Baxter asserts the cause of the injury was so obvious that nothing more need be proven; i.e., *res ipsa loquitor*.[12] That is, she posits that a new pool should not collapse after only a few weeks unless the contractor was negligent in its construction.

The doctrine of *res ipsa loquitor* is a "rule of evidence by which negligence may be inferred by the injury; it is not a separate cause of action from negligence." *Haddock v. Ampsiger*, 793 S.W.2d 948, 950 (Tex. 1990). To successfully invoke the doctrine, a plaintiff must prove (1) an accident of this character does not ordinarily occur in the absence of negligence and (2) the instrument that caused the accident was under the exclusive management and control of the defendant. *Marathon Oil*, 632 S.W.2d at 573. "Inherent in the latter factor is the requirement that the defendant be proved to have some causal connection with the plaintiff's injury." *Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 68 (Tex. 1989).

---

[12] *Res ipsa loquitor* is Latin for "the thing speaks for itself." *Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex. 1982).

Here, Baxter failed to present any evidence at trial, much less expert testimony, that either Collins/Brazos or Morono/AAM caused the pool to collapse. Moreover, at the time of the collapse, neither party had control of the pool. Rather, the pool was under Baxter's exclusive control and a subsequent contractor had materially altered the surface adjacent to the pool by building a concrete deck around the pool shortly after Collins/Brazos and Morono/AAM completed their work on the pool. Accordingly, issues eight through fifteen are overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice