LUXOTTICA GROUP S.p.A., et al., Plaintiffs,

v.

The UNITED STATES SHOE CORPORATION, et al., Defendants.

No. C2–95–244.

United States District Court, S.D. Ohio, Eastern Division.

March 22, 1995.

Thomas Brennan Ridgley and Laura G. Kuykendall, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Plaintiffs.

Joseph J. Dehner, Frederick J. McGavran and Adam P. Hall, Frost & Jacobs, Cincinnati, Ohio, and Michael Karl Yarbrough, Frost & Jacobs, Columbus, Ohio, for Defendant, United States Shoe Corp.

Samuel H. Simon and Daniel Allen Malkoff, Ohio Attorney General, Columbus, Ohio, for Defendant, State of Ohio.

### OPINION AND ORDER

GRAHAM, District Judge.

This matter is before the Court on the motion of plaintiff Avant–Garde Optics, Inc. ("Avant–Garde") for a hearing and an order requiring the defendant United States Shoe Corporation ("U.S. Shoe") to show cause why an order should not be entered directing it to provide shareholder records.

Avant–Garde is a subsidiary corporation of Luxottica Group S.p.A. and a record shareholder of U.S. Shoe. On March 7, 1995, Avant–Garde delivered a written demand to U.S. Shoe to inspect and copy shareholder records. On March 10, 1995, U.S. Shoe responded by refusing plaintiff's request for access to shareholder records on the ground, among others, that plaintiff's request must comply with the proxy rules of the Securities and Exchange Commission ("SEC"). Subsequently, on March 16, 1995, Avant–Garde and U.S. Shoe entered into an agreement regarding each of plaintiff's requests in its letter of March 7th with the exception of part "G" of that letter. (Hearing, March 16, 1995). Part "G" of plaintiff's letter requests that U.S. Shoe provide "a list or lists and a magnetic computer tape containing names, addresses, and number of shares of non-objecting beneficial owners of shares." (Plaintiff's exhibit A). In an oral hearing before this Court, defendant stated that it did not possess this information and plaintiff does not dispute this fact. (Hearing, March 16, 1995).

In general, a corporation's shareholder records will not reflect the names or addresses of the beneficial owners but will instead list the names of nominees used by depository firms. The Depository Trust Co. uses "Cede & Co." as the name of the nominee for shares it holds for brokerage firms or financial institutions, who in turn have purchased shares on behalf their customers (beneficial owners). *See Sadler v. NCR Corporation,* 928 F.2d 48, 50 (2nd Cir.1991). Thus, the name Cede & Co. appearing on the corporate stock ledger is "thrice removed from the true beneficial owner." *RB Associates of New Jersey v. Gillette Company,* Civ.A. No. 9711, 1988 WL 27731, (Del.Ch.1988). The list of non-objecting beneficial owners ("NOBO list") contains the names of those shareholders who do not object to the disclosure of their name and address by the registered owner of the stock to the corporation itself for the limited purpose of facilitating direct communication on corporate matters. *Id.* Under SEC regulations, brokers and other record holders of stock in street name must compile a NOBO list at a corporation's request within five business days. 17 C.F.R. § 240.14b–1(b)(3)(i) (1994); *Sadler,* 928 F.2d at 50.

A shareholder's right to inspect and copy the shareholder records of an Ohio corporation is governed by Ohio Revised Code § 1701.37. This statute provides:

> (C) Any shareholder of the corporation, upon written demand stating the specific purpose ... shall have the right to examine in person or by agent or attorney at any reasonable time and for any reasonable and proper purpose ... records of shareholders ... *if any, on file with the corporation,* and to make copies or extracts thereof. (Emphasis added)

R.C. § 1701.37(C).

Avant–Garde has stated that its purpose for requesting the NOBO list is:

> to "facilitate communications with other shareholders of the Company regarding the affairs of the Company and matters relating to their interests as shareholders, including (i) Luxottica Acquisition Corp.'s cash tender offer ... (ii) communications with other shareholders regarding a meeting ... under § 1701.831 ... and (iii) communications with other shareholders regarding solicitations of requests, consents and/or proxies."

(Plaintiff's exhibit A). Plaintiff argues that R.C. § 1701.37 imposes an obligation upon defendant to produce the NOBO list of U.S. Shoe shareholders. To support this contention, plaintiff relies on the Second Circuit's decision in *Sadler v. NCR Corporation, supra,* which held that an out-of-state corporation may be required to compile and produce a NOBO list. The New York statute at issue in that case permitted a resident, who is a record stockholder of a foreign corporation doing business in New York, to require the

corporation to produce a record of the names and addresses of all shareholders, the number and class of shares held by each and the date when they respectively became the owners of record. *Sadler* 928 F.2d at 50–51; N.Y. CLS Bus. Corp. § 1315. The court based its holding on a finding that New York courts had liberally construed this statute to facilitate communication among shareholders on issues concerning corporate matters. *Id.* at 52.

Since the plaintiff's request in its letter of March 7th is based upon R.C. § 1701.37, Ohio law is controlling in this case. Unlike the courts in New York, Ohio courts have not ruled on the question of whether R.C. § 1701.37 should be liberally or narrowly construed. Thus, this Court must predict how the state's highest court would resolve this issue. *See Cenergy Corp. v. Bryson Oil & Gas P.L.C.,* 662 F.Supp. 1144, 1145 (D.Nev.1987) (court refused to compel corporation to compile and produce shareholder information not in its possession). The plain language of the Ohio statute states that a shareholder may inspect and make copies of shareholder records "if any, on file with the corporation." It contains language not present in the New York statute, which suggests that its drafters intended it to be narrowly construed not to require a corporation to provide information it does not have in its possession. In *RB Associates v. Gillette, supra,* Chancellor Allen, in a thorough analysis of this subject, stated:

> Once an issuer has acquired that additional information ... it has an obligation to disclose it to a shareholder as part of the production of a stock list. But where it has not done so, the ideal of equality of access to information concerning identity of shareholders ought not, in my opinion, go so far as to compel the directors to exercise a judgment to obtain NOBO lists when the corporation itself has no need for them and thus no intention to obtain them.

1988 WL 27731, at *6. This Court agrees. As previously stated, U.S. Shoe does not possess the NOBO list requested by plaintiff. If U.S. Shoe possessed the NOBO list, Avant–Garde would have the right to examine it under the terms of the Ohio statute since it would then be "records of shareholders ... on file with the corporation." However, since defendant does not possess it, this Court, like the courts in *RB Associates* and *Cenergy,* will not compel U.S. Shoe to compile and produce this information.

Accordingly, this Court concludes that in the event that defendant obtains a copy of the NOBO list requested in part "G" of plaintiff's March 7th letter, it shall notify the plaintiff promptly and shall permit the plaintiff to inspect and copy it. Otherwise, plaintiff's motion to require defendant to procure and produce a NOBO list is denied.

It is so ORDERED.