Jorge CASO–BERCHT, et al., Appellants,

v.

STRIKER INDUSTRIES, et al., Appellees.

No. 13–00–650–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 13, 2004.

Rehearing Overruled Nov. 10, 2004.

■■■■■■■■■■

Jim L. Flegle, Alan S. Loewinsohn, Loewinsohn & Flegle, Dallas, for appellants.

B.J. Walter Jr., Boris A. Hidalgo, Jon L. Tankersley, Thompson, Knight, Brown, Parker & Leahy, L.L.P., Christopher Paul Hanslik, Ware, Snow, Fogel & Jackson, Carey Scott Davis, Martyn B. Hill, Pagel, Davis & Hill P.C., Houston, for appellees.

Before Justices HINOJOSA, CASTILLO and AMIDEI.[1]

## OPINION

Opinion by Justice MAURICE AMIDEI (Assigned).

Jorge Caso–Bercht, Don Alfredo Chedraui, Luis Prado Gomez, Purplow Corporation II A.V.V., Carlos Vizcaino Gutierrez, Alejandro Marti, Ignacio Gonzalez Noble, Alberto Barroso Rivera, Ignacio Perez–Salazar, and Jorge Quinzanos Suarez, appellants, appeal from a judgment granting summary judgment motions alleging appellants did not have standing and capacity, and ordering that appellants take nothing by their suit against appellees Striker Industries, Inc., West Oxford Industries, Inc., STDF Corporation, David Collins, Catherine Collins, InterAmerican Securities, Inc., Public Securities, Inc., and William Ross.

Appellants allege they are the owners of investment accounts that were under the discretionary control of appellees, subject to appellants' specific instructions to invest in diversified, quality, low-risk investments. However, contrary to appellants' instructions, appellees used appellants' accounts to purchase worthless securities and notes issued by certain of the corporate appellants, which resulted in the loss of millions of dollars to the appellants.

Four of appellants' claims relate to federal and state securities laws. The remaining thirteen claims relate to a concerted and deliberate course of conduct by all appellees involving fraud, misrepresentation, breach of fiduciary duties, tortious interference with contractual relationships, conspiracy, and conversion. The grounds of appellees' motions for summary judgment are that appellants lack standing and capacity because appellants held the stock in question under "street names" and pseudonyms and were not owners as required by the securities statutes. The trial court's judgment sustained appellees' objections to appellants' summary judgment evidence, granted appellees' motions for summary judgment, and ordered that appellants take nothing by way of this lawsuit against appellees. We reverse and remand.

## Standard of Review

The appropriate standard to be followed when reviewing a traditional summary judgment is well established. *Schultz v. Rural/Metro Corp.*, 956 S.W.2d 757, 759 (Tex.App.-Houston [14th Dist.] 1997, no writ). The movant has the burden to show that there exist no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* A defendant moving for summary judgment on an affirmative defense must expressly present and conclusively prove all essential elements of

---

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon Supp.2004).

that defense as a matter of law; there can be no genuine issues of material fact. *Id.* Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Martin v. Tex. Woman's Hosp., Inc.,* 930 S.W.2d 717, 720 (Tex.App.-Houston [1st Dist.]1996, no writ).

In considering a no-evidence motion for summary judgment under rule 166a(i), a summary judgment is improper if the nonmovant brings forth "more than a scintilla of evidence." TEX.R. CIV. P. 166a(i); *Macias v. Fiesta Mart, Inc.,* 988 S.W.2d 316, 317 (Tex.App.-Houston [1st Dist.]1999, no writ). A nonmovant produces more than a scintilla of evidence when the evidence "rises to a level that would enable reasonable and fair minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997).

A no-evidence summary judgment is only proper after an "adequate time for discovery." TEX.R. CIV. P. 166a(i).

### Issues Presented

Appellants' first issue asserts that the trial court erred in granting defendants' rule 166a(c) motions for summary judgment. *See* TEX.R. CIV. P. 166a(c).

The grounds of appellees' motions for summary judgment are that appellants lack standing or capacity to maintain their action because appellees' records do not reflect: (1) that appellants purchased a security from Striker, West Oxford or STDF; or (2) any accounts at InterAmerican or Public in appellants' names.

■ Appellants argue that the appellees' supporting affidavits of David Collins and William Ross are substantially defective because they state that company records indicate no purchases by appellants, but none of the records referred to were attached to the affidavit. *Noriega v. Mireles,* 925 S.W.2d 261, 265 (Tex.App.-Corpus Christi 1996, writ denied) (if there is a dispute regarding what is contained in the records, the failure to attach a copy of the records to the affidavit is a substantive defect in summary judgment proof which can be raised for the first time on appeal). Both affidavits state that if any of the appellants had purchased a security from Striker, West Oxford or STDF, their company records would indicate their purchase, but such records would not list the purchases appellants made in a "street name" or under a "pseudonym" in order to protect their privacy.

■ Appellants claim to be beneficial owners of securities that were bought in "street names" and placed in the custody of the depository firm, The Depository Trust Company (DTC), which registers the securities on CEDE lists.[2] Stock purchased in a street name by a brokerage firm is owned by the customer or client of

---

**2.** In general, a corporation's shareholder records will not reflect the names or addresses of the beneficial owners but will instead list the names of nominees used by depository firms. The Depository Trust Co. uses "Cede & Co." as the name of the nominee for shares it holds for brokerage firms or financial institutions, who in turn have purchased shares on behalf of their customers (beneficial owners). *Sadler v. NCR Corp.,* 928 F.2d 48,50 (2d Cir.1991). We take judicial notice that the use of street names or corporate names by a purchaser of stock or securities is an accepted practice, not

subject to reasonable dispute, as it is generally known within the jurisdiction of this court and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. TEX.R. EVID. 201(b); *Tex. Dept. of Pub. Safety v. Ackerman,* 31 S.W.3d 672, 676 (Tex.App.-Waco 2000, pet. denied) (court of appeals may take judicial notice of facts that are notorious, well known, or easily ascertainable even if not judicially noticed in the trial court); *McCulloch v. State,* 740 S.W.2d 74, 76 (Tex.App.-Fort Worth 1987, pet. ref'd).

the brokerage firm. *Weiss v. Dempsey–Tegeler & Co.*, 443 S.W.2d 934, 935 (Tex. Civ.App.-Amarillo 1969, writ ref'd n.r.e.). Appellees knew, or should have known, that in general, a corporation's shareholder records will not reflect the names or addresses of the beneficial owners but will instead list the names of nominees used by depository firms, and if there were any doubt that appellants purchased stock in Striker, West Oxford, or STDF, a list of beneficial owners could have been obtained with the appellants listed as beneficial owners. *Luxottica Group S.p.A. v. United States Shoe Corp.*, 919 F.Supp. 1091, 1092 (S.D.Ohio 1995) (under SEC regulations, brokers and other record-holders of stock in street name must compile a list of non-objecting beneficial owners ("NOBO") at a corporation's request within five business days). Appellants established that more than 6 million shares of Striker stock were listed on the Striker stock ledger under the caption "CEDE & Co.," and that stock was purchased in corporate names designated by appellants, and those names appear on the Striker Securityholder List. As holders of stock in "street names," appellants are the actual purchasers of the stock and known as the beneficial owners. *In re Penn Cent. Sec. Litig.*, 560 F.2d 1138, 1140 (3rd Cir.1977) (cites final report of the SEC of the practice of recording the ownership of securities in the records of the issuer in other than the name of the beneficial owner of such securities pursuant to section 12(m) of the Securities Exchange Act of 1934). Appellants Caso–Bercht and Marti requested all of the securities held in their accounts be held in street names, and that their names not be released to the corporate issuers. Since the Collins and Ross affidavits do not mention the CEDE list, or that the appellants may own stock purchased in a "street name" or corporate name, the conclusions that appellants did not purchase securities

from Striker, West Oxford, or STDF, are inconclusive, misleading and disputed. Appellees cite no authority that holds that appellants have no standing because they purchased stock in "street names." We hold that the Collins and Ross affidavits are substantively defective because the records they referred to were not attached. *Id.; see Noriega*, 925 S.W.2d at 265.

Even if the Collins and Ross affidavits were not substantively defective: (1) they do not controvert appellants' evidence that they held the securities in accounts in names other than their own for security reasons and to protect their privacy; (2) two of the appellants, Caso–Bercht and Marti, owned their accounts at the outset and their standing and capacity was not contested; and (3) each of the other appellants' affidavits proved assignment and assumption agreements for the accounts held in corporate names, or powers of attorney for the accounts opened under pseudonyms, which is evidence of beneficial ownership and capacity or legal authority to act. These appellants' affidavits stated that each plaintiff is, "the only person with authority to assert and defend any legal claims arising from the purchase, transfer, sale or possession of these securities held in the Accounts." Appellees' objection that appellants cannot testify they owned or are the beneficial owners of securities and notes was erroneously sustained by the trial court. *Glasscock v. Frost Nat'l Bank*, 928 S.W.2d 599, 600 (Tex.App.-San Antonio 1996, writ denied); *First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 428 (Tex.App.-San Antonio 1995, writ denied). We set aside the trial court's order sustaining such objection. The Collins and Ross affidavits do not controvert appellants' statements as to the assignments and ownership of the securities.

To establish the elements of the test for determining standing and capacity, appellees cite *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661(Tex.1996), but actually it supports appellant's standing and capacity by its holding, as follows: "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; and a party has *capacity* when it has the legal authority to act, regardless of whether it has a justifiable interest in the controversy." *Id.* at 660–61.

*Nootsie* upheld the standing and capacity of the appraisal district to seek a declaration that a statute it was charged with implementing violated the Texas Constitution. *Id.* Appellants allege they were personally aggrieved by the appellees' conduct within the meaning of the *Nootsie* case. Appellees cite *Davidson v. Belcor, Inc.*, 933 F.2d 603 (7th Cir.1991), to support their argument that "beneficial owners" do not have standing to assert claims in this case. However, appellants argue that *Davidson* is distinguishable and not on point because that case involved claims under section 10(b) and rule 10b–5 of the Federal Securities & Exchange Act, which is not involved in this case, and the claimant acquired a percentage interest of shares in a divorce case where her exhusband was the owner. *See id.* at 606–07. We agree with appellants' analysis of the *Davidson* case.

■ Appellees cite *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486 (9th Cir. 1985), as authority that a securities fraud cause of action arising from reliance on a misrepresentation is personal to those persons who relied and does not follow the security to subsequent owners. *Id.* at 1489–90. However, as pointed out by appellants, *In re Nucorp* held that a statutorily provided cause of action may be expressly assigned and therefore supports the appellants' position. We agree. Also, appellees cite *7547 Corp. v. Parker & Parsley Dev. Partners*, 38 F.3d 211 (5th Cir.1994), for the proposition that a person must purchase a security directly from a defendant in order to have standing, but this case actually recognized that beneficial owners or assignees may have standing, and at least in view of the affidavits in that case, there was a fact issue. *Id.* at 256. Here, appellants filed nine affidavits, which were uncontroverted, stating that each of the appellants was a beneficial owner of a numbered account that purchased, held, and/or sold securities issued by the Striker appellees and/or their subsidiaries or affiliates. Appellants are aggrieved parties and have standing and capacity as beneficial owners, with or without the assignments. *Id.; see also Nootsie, Ltd.*, 925 S.W.2d at 661.

Appellants' issue number one is sustained. The summary judgment in effect holding appellants have no standing or capacity is improper because it is not supported by any competent evidence.

■ Appellants' issue number two claims that the trial court erred in granting appellees' rule 166a(i) motions for summary judgment because appellants presented more than a scintilla of evidence to defeat such motions, and there being no discovery allowed by the trial court, its ruling on the no-evidence motions was premature.

■ Appellees' motions under rule 166a(i) should have been denied because appellants' uncontroverted summary judgment evidence proves they have standing and capacity as a matter of law. Moreover, a no-evidence summary judgment is only proper after an "adequate time for discovery." TEX.R. CIV. P. 166a(i); *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex.App.-Texarkana 1998, orig. proceed-

ing). The trial court granted appellees' motion to stay discovery and prevented any discovery prior to the summary judgment being granted.

Appellants' issue number two is sustained. The trial court should have denied the no-evidence motions for summary judgment based on the appellants' uncontroverted summary judgment evidence. The trial court erred in staying discovery, but this error was harmless since appellants presented enough summary judgment evidence for the trial court to deny the no-evidence motions for summary judgment as a matter of law.

Appellants' issue number three claims the trial court erred in sustaining objections to appellants' summary judgment evidence.

■ Appellees objected to paragraphs 2, 5, and 6 of appellants' affidavits on the grounds that appellants cannot testify they owned or were beneficial owners of securities and notes. We have already held that the trial court erred in sustaining this objection. A person may prove his ownership by stating in an affidavit he is the owner, if there is no controverting summary judgment evidence. *Glasscock*, 928 S.W.2d at 600.

■ Appellees also objected to the assignment and assumption agreements for lack of proper foundation, failure to establish requisite authority to enter the agreements, and lack of authentication. Apparently, appellees are objecting because the authority of the assignors' agents to sign the assignments was not shown as a prerequisite to admissibility. Appellees do not cite authority that requires an assignee to prove the authority of the agent signing for the assignor. Attaching the assignments to the affidavits and describing the assignments therein is sufficient authentication or identification to show the docu-

ments are what the appellants claim they are as a condition precedent to admissibility. Tex.R. Evid. 901(a)(b)(1); *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607(Tex.1986). The trial court erred in sustaining this objection. We set aside such ruling and hold that the trial court should have considered the assignment and assumption agreements as part of the summary judgment record.

■ Appellees also objected to other documents appellants filed as summary judgment evidence on the basis of lack of foundation or authentication and hearsay. Because the objections lacked sufficient specificity to preserve an appellate complaint, appellees waived any objection. Tex.R.App. P. 33.1(a)(1)(A). Assuming such objection was sufficiently specific, documents presented with a properly sworn affidavit stating that the attached documents are true and correct copies of the originals sufficiently authenticates the copies so they may be considered as summary judgment evidence. *Republic Nat'l Leasing Corp.*, 717 S.W.2d at 607. Appellants' issue number three is sustained. We set aside the trial court's ruling sustaining this objection, and find the documents admissible as part of the summary judgment record.

Appellants' issue number four complains that the trial court denied appellants an opportunity to cure alleged defects in their summary judgment evidence. Inasmuch as we have reversed the trial court rulings which granted appellees' objections to appellants' evidence, it is not necessary for us to address and rule on this issue. There were no defects to cure.

■ Appellants' issue number five argues that the trial court erred in striking appellants' summary judgment evidence to which the Spokane defendants did not object, and in granting the Spokane defen-

dants' rule 166a(c) motion. Because the Spokane defendants did not file any objections to the appellants' summary judgment evidence, they cannot rely on another defendant's objections. *Martinez v. State,* 833 S.W.2d 188, 191 (Tex.App.-Dallas 1992, writ ref'd). The trial court erred in rendering summary judgment for the Spokane defendants when the appellants' summary judgment evidence, which was erroneously stricken, precludes summary judgment for any of the appellees. Appellants' issue number five is sustained.

Appellants' summary judgment evidence precluded a judgment that they take nothing by way of this lawsuit, and the trial court's take nothing judgment is error. The trial court judgment sustaining appellees' objections to appellants' summary judgment and granting appellees' motions for summary judgment is reversed and judgment is rendered that appellees' motions for summary judgment are denied. The trial court judgment that appellants take nothing by way of their lawsuit is reversed and remanded for further proceedings.