ACCEPTED
07-15-00146CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/1/2015 12:00:00 AM
Vivian Long, Clerk

FILED

June 1, 2015

Seventh Court of Appeals
Vivian Long
Clerk

No. 07-15-00146CV

*IN THE*
*COURT OF APPEALS*
*SEVENTH DISTRICT OF TEXAS AT AMARILLO*

**MARK WALTERS,**
**Plaintiff/Appellant**

**v.**

**BRAD LIVINGSTON, in his Official Capacity**
**as Executive Director, Texas Department of Criminal Justice,**
**Defendant/Appellee**

**On Appeal from the 200th District Court**
**Travis County, Texas**
**Trial Court No. D-1-GN-13-002356**
**Honorable Rhonda Hurley, Presiding**

**APPELLANT BRIEF**

Respectfully submitted by,

Mark Walters
P.O. BOX 28072
Austin, Texas 78755
(512)-964-4343
verusconsultingtexas@gmail.com
*Appellant Pro Se*

****ORAL ARGUMENTS REQUESTES****

# IDENTITIES OF THE PARTIES

1.  MARK WALTERS                          Plaintiff/Appellant
    P.O. BOX 28072                        *Pro Se*
    Austin, Texas 78755
    (512)-964-4343
    verusconsultingtexas@gmail.com

2.  BRAD LIVINGSTON                       Defendant/Appellee
    In his Official Capacity as Executive
    Director of the Texas Department of
    Criminal Justice

3.  CRAIG JACOBS                          Counsel for Appellee
    c/o Texas Attorney General
    P.O. BOX 12548
    Austin, Texas 78711-2548
    (512) 463-2100
    craig.jacobs@texasattorneygeneral.gov

4.  THE HONORABLE RHONDA HURLEY           Presiding Judge
    District Judge, 98th District Court
    P.O. BOX 1748
    Austin, Texas 78767
    (512) 854-9307

# TABLE OF CONTENTS

*Identity of the Parties*....................................................................................*ii*

*Table of Contents*.......................................................................................*iii*

*Index of Authorities*....................................................................................*vi*

*Statement Requesting Oral Arguments*...........................................................*vii*

*Statement of the Case*...................................................................................*1*

*Issues Presented*.........................................................................................*4*

*Statement of Facts*.......................................................................................*5*

    *Issue One Presented*...............................................................*6*

**The trial court erred in determining that Plaintiff's
claims were mooted for lack of standing by his
release from prison**

        **A. Texas Religious Freedom Restoration Act**

        **B. Breach of Contract**

    *Issue Two Presented*................................................................*14*

**The trial court erred in determining that Plaintiff's
claims for damages under the Texas Religious Freedom
Restoration Act were barred by the statute of
limitations**

    *Issue Three Presented*..............................................................*17*

**The trial court erred in granting summary judgment
to Defendant**

*Prayer for Relief*.......................................................................................*20*

*Certificate of Service*.................................................................................*21*

# INDEX OF AUTHORITIES

## STATE CASES

*Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.,*
    348 S.W.3d 894, 900 (Tex.2011)..................................................................13

*Bland Indep. Sch. Dist. v. Blue,*
    34 S.W.3d 547, 554 (Tex.2000)..............................................................18,19

*Board of Land Comm'rs v. Walling, Dall.,*
    524 (Tex. 1843)........................................................................................13

*Caso-Bercht v. Striker Indus.,*
    147 S.W.3d 460, 463 (Tex.App.-Corpus Christi 2004, no pet.)....................18

*Casso v. Brand,*
    776 S.W.2d 551, 556 (Tex. 1989)................................................................17

*City of Amarillo v. Martin,*
    971 S.W.2d 426, 427 (Tex. 1998)................................................................13

*City of Houston v. Clear Creek Basin Authority,*
    589 S.W.2d 671, 678 (Tex. 1979)................................................................17

*Esquivel v. Murray Guard, Inc.,*
    992 S.W.2d 536, 543-44 (Tex. App.-Houston [14 Dist.]
    1999, pet. denied)......................................................................................11

*Federal Sign v. Tex. S. Univ.,*
    951 S.W.2d 401, 409 (Tex. 1997)................................................................13

*General Servs. Comm'n v. Little-Tex Insulation Co.,*
    39 S.W.3d 591, 594 (Tex. 2001)..................................................................13

*Hosner v. DeYoung,*
    1 Tex. 764, 769 (1847)..............................................................................13

*Hunt v. Bass*,
    664 S.W.2d 323, 324 (Tex.1984)..........................................................................7

*In re C.M.C.*,
    192 S.W.3d 866, 874 (Tex.App.-Texarkana 2006, no pet.).........................19

*In re Pringle*,
    862 S.W.2d 722, 724 (Tex.App.-Tyler 1993, no pet.)................................18

*Nixon v. Mr. Property Management Co.*,
    690 S.W.2d 546, 548-49 (Tex. 1985).......................................................18

*MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.,*
    995 S.W.2d 647, 651 (Tex.1999)..........................................................10,11

*Padilla v. LaFrance*,
    907 S.W.2d 454, 461 (Tex. 1995).............................................................10

*Prime Products, Inc. v. S.S.I. Plastics, Inc.*,
    97 S.W.3d 631, 636 (Tex.App.-Houston [1st Dist] 2002, pet. denied).........10

*S. Tex. Water Auth. v. Lomas*,
    223 S.W.3d 304, 306 (Tex.2007)...............................................................11

*Texas A & M Univ.-Kingsville v. Lawson*,
    87 S.W.3d 518, 521 (Tex. 2002)................................................................14

*Union Pac. R.R. Co. v. Novus Int'l, Inc.*,
    113 S.W.3d 418, 422 (Tex.App.-Houston [1st Dist.] 2003, pet. denied)......12

*Williams v. Lara*,
    52 SW 3d 171, 179 (Tex 2001)....................................................................7

*Winchek v. AMN. EXP.*,
    232 S.W.3d 197, 202 (Tex. App.- Houston [1st Dist] - 2007).......................10

## STATE LAWS, REGULATIONS & STATUTES

*Texas Civil Practice and Remedies Code* § 110.003(b)(1)(2)...................................6

*Texas Civil Practice and Remedies Code* § 110.005(a)...........................................7

*Texas Civil Practice and Remedies Code* § 110.005(b)...........................................7

*Texas Civil Practice and Remedies Code* § 110.005(d)...........................................7

*Texas Civil Practice and Remedies Code* § 110.006(a)..........................................16

*Texas Civil Practice and Remedies Code* § 110.006(b)(2).....................................16

*Texas Civil Practice and Remedies Code* § 110.006(f)..........................................16

*Texas Civil Practice and Remedies Code* § 110.007(a)..........................................14

*Texas Government Code* § 501.008..........................................................................16

## STATEMENT REQUESTING ORAL ARGUMENTS

Despite the voluminous briefing on the part of the appellant, the judgment below can be reversed in whole by a simple holding: the Appellant was denied a fair and impartial hearing at summary judgment after the trial court overruled another District Judge who had already concluded that Plaintiff/Appellant had standing to bring suit. That is an uncontroversial conclusion that can be made based on the arguments in the briefs, and oral arguments would significantly aid the Court in deciding this case.

# STATEMENT OF THE CASE

On April 13, 1995, Jolene Yellowquill, a Native American of Ojibwa heritage who was confined at a TDCJ unit in Gatesville, Texas, filed suit for injunctive relief in the United States District Court for the Southern District of Texas, Houston Division, seeking that TDCJ be required to provide sacred pipe ceremonies to Native American adherents confined within the TDCJ.

On May 22, 1997, the Houston district court granted Yellowquill's motion for a temporary restraining order permitting her to smoke the sacred pipe.

The parties reached a settlement in the litigation.

Although YELLOWQUILL involved only one inmate, the resulting settlement agreement served as the basis for the TDCJ implementing certain policies to address the practices of the Native American faith, including smoking the pipe. Under the terms of the settlement agreement in YELLOWQUILL, TDCJ agreed to permit all NA's the ability to personally smoke the sacred pipe during religious ceremonies.

In 2011, TDCJ officials made the decision to no longer allow Native American inmates the right to personally smoke the sacred pipe. This decision was made on the heals of litigation from inmate William Chance, who challenged TDCJ's NA religious policy seeking his own personal prayer pipe. On October 12, 2012, the TDCJ

1

Chaplaincy Division issued a memorandum advising all NA Chaplains that "effective immediately.... [t]he contract Native American chaplain or authorized Native American volunteer will be the only individual allowed to smoke the pipe."

The Native American Plaintiffs were forced to bring this lawsuit to protect their constitutional rights—and, surprisingly, they lost, because the protected religious conduct at issue is obviously an infringement on an almost two-decade-old settlement agreement that conformed to the constitutional rights of all of the Plaintiffs involved, including the Appellant. As a result of the ruling below, the Appellant was not allowed to recover damages for the infringement of his religious rights to personally smoke the sacred pipe during NA religious ceremonies during his incarceration in the years 2012 thru 2014.

The government's ban on Appellant's ability to practice his sincerely held Native American religious belief while he was incarcerated; a tactic used to defeat litigation by another inmate wishing to possess his own personal prayer pipe- a strategy that, if accepted by this Court, would only lead to the prohibition of any religious activity or sincerely held religious devotional items, casting further doubt on the governments professed desire to allow inmates the ability to freely worship in a meaningful manner.

Under the state law claims for damages under the Texas Religious Freedom Restoration Act and for Breach of Contract, the trail court erred and the only

reasonable action is for this Court to reverse the trial court's judgment in whole and remand that a trial on the merits be heard.

## ISSUES PRESENTED ON APPEAL

1. **Did the trial court erred in determining that Plaintiff's claims were mooted for lack of standing by his release from prison**

    **A. Texas Religious Freedom Restoration Act**

    **B. Breach of Contract**

2. **Did the trial court erred in determining that Plaintiff's claims for damages under the Texas Religious Freedom Restoration Act were barred by the statute of limitations**

3. **Did the trial court erred in granting summary judgment to Defendant**

**STATEMENT OF FACTS**

Appellant is Native American and a former inmate of the Texas Department of Criminal Justice (TDCJ). Appellant filed suit, along with 42 other Native American inmates alleging that Appellee violated Plaintiff's rights under the First and Fourteenth Amendment of the United States Constitution by denying Plaintiff's access to personally smoke the sacred ceremonial pipe during religious ceremonies. (CR 1: 6-32). Appellant and the other Plaintiffs, also alleged state law violations of the Texas Religious Freedom Restoration Act.

Appellant was discharged from TDCJ on June 13, 2014. On July 15, 2014, Appellee filed a Plea to the Jurisdiction arguing that Appellant's release from prison denied him standing to prosecute his claims. (CR 1: 62-70) Appellant file a response to Appellee's plea, and a hearing was held before Judge Joseph Hart. Judge Hart DENIED Appellee's plea on Appellant's claims under the Texas Religious Freedom Restoration Act claim for damages. (CR 1: 82-83). Appellant file a SECOND AMENDED PETITION adding the claim of breach of contract, in relationship to a settlement agreement that the TDCJ entered into with former inmate Jolene Yellowquill granting Native American inmates the right to personally smoke the sacred pipe during religious ceremonies. (CR 1: 84-101).

Appellee filed for summary judgment and Appellant filed his response. A hearing was conducted before The Honorable Rhonda Hurley on December 18, 2014, where Judge Hurley only heard testimony on Appellee's defense that Appellant did not have standing for his claims for damages under the Texas Religious Freedom Restoration Act or for Breach of Contract. On February 6, 2015, the District Court issued ORDER granting Appellee's motion for summary judgment and dismissing Appellant's suit with prejudice. (CR 1: 555). Appellant timely filed his Notice of Appeal. (CR 1: 560-561).


## ARGUMENT


**Restatement of Issue One: The trial court erred in determining that Plaintiff's claims were mooted for lack of standing by his release from prison**

### ARGUMENT & AUTHORITIES

**A. Texas Religious Freedom Restoration Act**

The Texas Religious Freedom Restoration Act – TRFRA - states that a government agency may not substantially burden a person's free exercise of religion unless it (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that interest. *Texas Civil Practice and Remedies Code* § 110.003(b)(1)(2). Any person, other than a government agency, who successfully asserts a claim or defense under this chapter is entitled to recover (1) declaratory relief under

6

Chapter 37; (2) injunctive relief to prevent the threatened violation or continued violation; (3) compensatory damages for pecuniary and nonpecuniary losses; and (4) reasonable attorney's fees, court costs, and other reasonable expenses incurred in bringing the action. *Id.* § 110.005(a). Compensatory damages awarded under Subsection (a)(3) may not exceed $10,000 for each entire distinct controversy. *Id.* (b). A person may not bring an action for damages or declaratory or injunctive relief against an individual, other than an action brought against an individual acting in the individual's official capacity as an officer of a government agency. *Id.* (d).

On July 15, 2015, Appellee filed "this plea to the jurisdiction challenging subject matter jurisdiction on the basis of no standing and mootness." (CR at 63). A hearing was conducted in the District Court on July 31, 2014, where the parties argued their position. Appellees maintained their position that due to Plaintiff's release from prison, he no longer had standing under the TRFRA for declaratory, injunctive, or compensatory relief. (CR at 69-70). Plaintiff conceded that due to his release from prison, Article III standing under the United States Constitution prevented him from obtaining the requested declaratory or injunctive relief, but he still retained standing for compensatory relief as provided by the TRFRA.

As a general rule of Texas law, to have standing, unless it is conferred by statute, a plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury. *Williams v. Lara*, 52 SW 3d 171, 179 (Tex 2001)(quoting *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984).

Due to the legislatures waiver of immunity from suit and permitting a Plaintiff compensatory relief, Plaintiff maintained standing for

7

economic recovery for violation of his religious rights. The District Court, Presided by Judge Hart, agreed with this argument and denied Appellees motion for plea to the jurisdiction due to mootness and lack of standing. (CR at 82, 83).

Forward, to summary judgment before District Judge Rhonda Hurley, Appellees presented the same argument that was denied during their plea to the jurisdiction. For this reason, this issue should be remanded back to the District Court.

## B. Breach of Contract

In 1998, former TDCJ inmate Jolene Yellowquill, entered into a settlement agreement with Defendant TDCJ where Defendant is required to conduct the [NA] Sacred Pipe Ceremony twice a month, and stipulating "inmates participating in the Sacred Pipe Ceremony will be permitted to smoke ceremonial tobacco." (CR at 330). In 2011, Appellee's NA sacred pipe ceremony policy was to allow NA inmates to smoke from a communal pipe. Inmate William Chance filed suit against Appellee, after being denied the right to smoke from a personal pipe, instead of the communal pipe, which was a violation of the YELLOWQUILL settlement. (CR at 330). In retaliation for the Chance lawsuit, Appellee disguised a way to deny all NA inmates the ability to personally smoke the sacred pipe, by claiming that smoking from a communal pipe was a health risk. (CR at 145-147). Moreover, during summary judgment of the Chance case, TDCJ argued that allowing NA inmate's personal prayer pipes, as stipulated in the

8

YELLOWQUILL settlement, was too costly. (CR at 162-163). On October 12, 2012, Marvin Dunbar, of the TDCJ Chaplaincy Division, issued a memorandum to all Native American chaplains stating, "the contract Native American chaplain or authorized Native American volunteer will be the only individual allowed to smoke the pipe." (CR at 220), thereby creating an official policy that breached the YELLOWQUILL settlement. Appellant was a third party beneficiary to the YELLOWQUILL settlement, as outlined in the agreed stipulation that "This agreement in no way modifies or alters TDCJ's right to deny the ceremony to Ms. Yellowquill or any **other inmate** should their custodial classification change to a level in which inmates are not permitted to attend religious services." (CR at 330). Moreover, "Inmates participating in the Sacred Pipe Ceremony will be permitted to smoke ceremonial tobacco. It is expected that the amount of ceremonial tobacco allowed to each inmate will not exceed one teaspoon per inmate, per ceremony. The inmates will be required to purchase their own individual pipes, and must follow the proper procedure for such purchase. Each inmate's pipe shall be maintained by the chaplain or another designated TDCJ employee at the unit. At no times will inmates be allowed to possess or have access to the pipes in their cell." (CR at 330).

Appellant, as a third party beneficiary to the YELLOWQUILL settlement, raised in his Second Amended Petition a claim for Breach of Contract and damages for said breach. (CR at 93 & 99).

A settlement agreement is simply a contract between the parties; a breach of settlement agreement cause of action is identical to a breach of contract cause of action. See *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). To establish a breach of contract, [Plaintiff] is required to prove the existence of a valid contract, his performance or tendered performance under the contract, breach of the contract by [Defendant], and damages sustained as a result of the breach. *Winchek v. AMN. EXP*., 232 S.W.3d 197, 202 (Tex. App.- Houston [1st Dist] - 2007). On a breach of contract claim, Amex was required to prove, as a matter of law, the essential elements of a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained as a result of the breach. *Prime Products, Inc. v. S.S.I. Plastics, Inc*., 97 S.W.3d 631, 636 (Tex.App.- Houston [1st Dist] 2002, pet. denied).

A third party may enforce a contract it did not sign when the parties to the contract entered the agreement with the clear and express intention of directly benefitting the third party. *MCI Telecomms. Corp. v. Tex. Util. Elec. Co.,* 995 S.W.2d 647, 651 (Tex .1999). A third party may sue to enforce a contract as a

third-party beneficiary only if the contracting parties entered into the contract directly and primarily for the third party's benefit. *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex.2007); *Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 543-44 (Tex. App.-Houston [14 Dist.] 1999, pet. denied). There are three types of third-party beneficiaries-donee, creditor, and incidental. Donee and creditor beneficiaries may bring suit to enforce a contract; incidental beneficiaries may not. *Esquivel*, 992 S.W.2d at 543. A person is a donee beneficiary if the performance of the contract inures to his benefit as a gift. A person is a donee beneficiary only if a donative intent expressly or impliedly appears in the contract. *Id*. A party is a creditor beneficiary if no intent to make a gift appears from the contract, but performance will satisfy an actual or asserted duty of the promisee to the beneficiary, such as an indebtedness, contractual obligation, or other legally enforceable commitment to the third party, and the promisee must intend that the beneficiary will have the right to enforce the contract. *Id.* at 543-44. "The intent to confer a direct benefit upon a third party `must be clearly and fully spelled out or enforcement by the third party must be denied.'" *Lomas*, 223 S.W.3d at 306 (quoting *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 651 (Tex.1999)).

From the express language in the YELLOWQUILL settlement agreement, Appellant is a pure donee and a creditor beneficiary to all of the rights assigned to

Yellowquill, as are all other NA inmates that became beneficiaries to Native American Sacred Pipe Ceremonies within the TDCJ, per the agreement. Yellowquill was released from custody in 2001, yet Appellee did not alter or rescind any parts of the agreement upon her release. The only changes came upon the heals of litigation by NA inmate William Chance who requested his own personal prayer pipe, per the agreement.

The rights of the settlement agreement clearly stipulates to be all inclusive for all NA inmates, and makes no provisions that upon Yellowquill's release from TDCJ, that the agreement becomes null and void. The parties of the settlement agreement intended to secure a benefit to the third party [Appellant] and all NA inmates otherwise TDCJ would be faced with a multitude of lawsuits by NA inmates if they bestowed Sacred Pipe Ceremonies upon only one inmate, Yellowquill, and not other NA inmates.

Due to the presumption against finding third-party beneficiaries to contracts, courts will generally deny third-party-beneficiary claims unless: (1) the obligation of the bargain-giver is fully spelled out, (2) it is unmistakable that a benefit to the third party was within the contemplation of the contracting parties, and (3) the contracting parties contemplated that the third party would be vested with the right to sue for enforcement of the contract. *Union Pac. R.R. Co. v. Novus Int'l, Inc.,* 113 S.W.3d 418, 422 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). The Texas

Supreme Court has reasoned that, because the intention to confer a direct benefit to a third party must be clearly and fully spelled out in the contract for that party to have standing as a third-party beneficiary, "a presumption exists that parties contracted for themselves unless it clearly appears that they intended a third party to benefit from the contract." *Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 900 (Tex.2011).

Due to the State's willful intention of entering into a contract in the YELLOWQUILL settlement, the State waived immunity for further action should they violate the terms of the settlement agreement. In Texas, the bar of sovereign immunity is a creature of the common law and not of any legislative enactment. *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847) (recognizing doctrine, without citation of authority); *Board of Land Comm'rs v. Walling, Dall.* 524 (Tex. 1843) (recognizing doctrine, without citation of authority); *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998)(referring to "the common law doctrine of sovereign immunity"). The Texas Supreme Court has held that a governmental entity by entering into a contract waives immunity from liability for breach of the contract but does not, merely by entering into a contract, waive immunity from suit. *General Servs. Comm'n v. Little-Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex. 2001); *Federal Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 409 (Tex. 1997)). Because the Legislature has waived immunity from suit for violations of the TRFA, which

13

was one of Appellant's claims in this suit against the TDCJ and his only claim for damages that survived the TDCJ's plea to the jurisdiction. (CR at 83). Appellant is therefore entitled to sue the TDCJ for violating the statute and if he prevails, to hold the Appellee liable. See *Texas A & M Univ.-Kingsville v. Lawson*, 87 S.W.3d 518, 521 (Tex. 2002).

For the above reasons, and the context within the YELLOWQUILL settlement, Appellant was an intended third party beneficiary of the Native American Pipe Ceremony as spelled out in the settlement, and Appellee breached his duty to permit Native American Appellant to personally smoke the Sacred Pipe during part of his incarceration. This issue should be remanded back to the District Court.

**Restatement of Issue Two: Did the trial court erred in determining that Plaintiff's claims for damages under the Texas Religious Freedom Restoration Act were barred by the statute of limitations**

Appellant's second issue is that the District Court erred in determining that Plaintiff's claims for damages under the TRFRA was barred by the statute of limitations pursuant to *Texas Civil Practice and Remedies Code* § 110.007. Section 110.007(a) states a person must bring an action to assert a claim for damages under this chapter not later than one year after the date the person knew

or should have known of the substantial burden on the person's free exercise of religion.

Appellant testified at summary judgment that he was assigned to the Native American designated Stevenson Unit in Cuero, Texas from December 2011, until April 2012, where he had access to a NA Chaplain, religious services, devotional items, and other religious items permitted on the designated unit strictly for the purpose of accommodating NA inmates. In March 2012, Appellant, while assigned to the Stevenson Unit, participated in the Spring Equinox feast and pipe ceremony, where he personally smoked from the ceremonial pipe. The District Court took notice of this testimony. Appellant was transferred from the Stevenson Unit on or about April 2, 2012, to the non-Native American Allred Unit, where he had no access to a NA Chaplain or volunteer, no access to sacred pipe ceremonies, or other NA devotional item that are only permitted on NA designated units. This breach of Appellant's right to access to religion is a matter that is currently pending in the U.S. Federal Courts. Upon filing his federal suit, Appellee transferred Plaintiff on or about January 4, 2013, back to a NA designated unit. It was at this time Appellant was first informed that NA inmates could no longer smoke from the ceremonial sacred pipe during pipe ceremonies. Plaintiff filed his cause of action under the TRFRA on July 11, 2013, approximately 188 days after first receiving notice of the change of the NA pipe policy.

A person may not bring an action to assert a claim under this chapter [TRFRA] unless, 60 days before bringing the action, the person gives written notice to the government agency by certified mail, return receipt requested: *Id.* 110.006(a). A person who complies with an inmate grievance system as required under Section 501.008, *Government Code*, is not required to provide a separate written notice under Subsection (a). *Id.* (f). Moreover, a claimant may bring an action for declaratory or injunctive relief and associated attorney's fees, court costs, and other reasonable expenses, if the person was not informed and did not otherwise have knowledge of the exercise of the governmental authority in time to reasonably provide the notice. *Id.* (b)(2).

The District Court was well aware that Appellant, who testified under oath, that he did not receive notice of the change of the pipe policy until January 2013. Moreover, Appellant directed the Court's attention to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Exhibit 7, where TDCJ's Chaplaincy Department officially notified all TDCJ NA Chaplains that "Effective immediately offenders participating in the Native American Pipe service will be allowed to handle the pipe prior to its lighting." (CR at 349). Moreover, this memorandum to the chaplains, dated 10-12-12, notifies "The contract Native American chaplain[s] or authorized Native American volunteer[s] will be the only individual[s] allowed to smoke the pipe." (CR at 349). Even using the date of

16

October 12, 2012 as the start date of the new policy, Appellant filed his suit approximately 211 days after Appellees officially instituted the new policy, giving Appellant an additional 92 days to file suit should he had needed it.

Due to Appellant's lack of knowledge that a change was imminent regarding the NA sacred pipe policy because of his assignment to a non-NA unit, and the fact that the NA chaplains were not give official notice as to when the new policy would be enacted, Appellant timely filed his suit within the one year statute of limitations period and for this reason, and the reasons stated above, this issue should be remanded back to the District Court.

**Restatement of Issue Three: Did the trial court erred in granting summary judgment to Defendant**

Summary judgments are governed by *Tex. R. Civ. P.* 166a. Under this rule, a court may render a summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Tex. R. Civ. P.* 166a(c). Thus, the courts frequently reiterate the stringent legal standards for obtaining a summary judgment. For example, the courts often state that a movant must conclusively prove all the essential elements of his cause of action as a matter of law. E.g., *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). Further, the non-movant never has a burden of proof unless and until the moving party has met his burden. E.g., *Casso v. Brand*, 776 S.W.2d

551, 556 (Tex. 1989). It is also said that every reasonable inference is indulged in favor of the non-movant, and any doubts are resolved in his favor. E.g., *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

The District Court never heard arguments or reviewed evidence regarding summary judgment. During the brief, twenty -20 minute hearing, the only arguments presented was whether Appellant had standing under the TRFRA and his Breach of Contract claim to bring suit. The first, being the TRFRA standing, was already settled by Appellee's plea to the jurisdiction being denied regarding Appellant's standing under this statute. (CR at 62-70, 83). Secondly, Appellant provided testimony and evidence that he maintained standing regarding Appellee's argument that Appellant filed suit outside of the appropriate statute of limitations under the TRFRA. (CR at 349). There was a genuine issue of material fact that Appellant had the requisite standing to defeat Appellee's motion for summary judgment. Being that the court heard no argument regarding the facts of the case, but only on standing, the District Court erred in granting Appellee summary judgment.

While the issue of standing can be brought in the form of a summary judgment, standing can also be raised by other procedural means. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000); see *In re Pringle*, 862 S.W.2d 722, 724 (Tex.App.-Tyler 1993, no pet.); cf. *Caso-Bercht v. Striker Indus.*, 147

S.W.3d 460, 463 (Tex.App.-Corpus Christi 2004, no pet.) (standing challenged by summary judgment). The Texas Supreme Court has specifically authorized standing to be challenged through a plea to the jurisdiction. See *Blue*, 34 S.W.3d at 554. A decision concerning whether a party has standing is not a decision deciding the merits of a case. See *Blue*, 34 S.W.3d at 554. Standing, as a component of subject-matter jurisdiction, can be challenged by procedural means other than summary judgment. *In re C.M.C.,* 192 S.W.3d 866, 874 (Tex.App.-Texarkana 2006, no pet.) (holding decision concerning whether a party has standing is not a decision deciding the merits of a case).

For the reasons stated above, the District Court erred in deciding summary judgment based on Appellant's standing. Appellant has the required standing to pursue his case under the TRFRA, and for Breach of Contract, and summary judgment in favor of Appellee was erroneous. The Court heard no arguments to decide whether there are genuine issues of material facts regarding the merits of Appellant's claims, and therefore, this case should be remanded back to the District Court.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Appellant respectfully prays that this Honorable Court hears Appellant's issues, and remands this case back to the District Court for further proceedings.

Respectfully submitted,

 /s/ **MARK WALTERS**
Mark Walters
P.O. BOX 28072
Austin, Texas 78755
(512)-964-4343
verusconsultanttexas@gmail.com

**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word For Mac 2011 and contains 4,089 words, as determined by the computer software's word-count function, excluding the sections of the document listed in *Texas Rule of Appellate Procedure* 9.4(i)(1).

**/s/ MARK WALTERS**
Mark Walters

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2015, I served a copy of the APPELLANT'S BRIEF, on Appellee's counsel of record, Assistant Attorney General Craig Jacobs by electronic service - EFILE.TXCOURTS.GOV - and that the electronic transmission was reported as complete.

**/s/ MARK WALTERS**
Mark Walters